[Cite as *State v. Kinder*, 2012-Ohio-1339.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 94722

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## JOSEPH F. KINDER

DEFENDANT-APPELLANT

## JUDGMENT:
## APPLICATION DENIED

Cuyahoga County Common Pleas Court
Case No. CR-524151
Application for Reopening
Motion No. 448235

**RELEASE DATE:** March 26, 2012

Joseph Kinder
Inmate No. 581-348
Grafton Correctional Inst.
2500 South Avon Belden Road
Grafton, OH   44044

**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

By:   Diane Smilanick
Assistant Prosecuting Attorney
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, OH   44113

KENNETH A. ROCCO, J.:

**{¶1}** On October 4, 2011, the applicant, Joseph Kinder, pursuant to App. R. 26(B) and *State v Murnahan*, 63 Ohio St.3d 60, 584 N.E.2d 1204, applied to reopen this court's judgment in *State v Kinder*, 8th Dist. No. 94722, 2011-Ohio-1061, which affirmed his convictions for felonious assault and promoting prostitution. He asserts that his appellate counsel should have argued that his trial counsel was ineffective for failing to present and preserve a constitutional argument. On October 21, 2011, the state of Ohio filed a brief in opposition. For the following reasons, this court denies the application.

**{¶2}** App.R. 26(B)(1) and (2)(b) require applications claiming ineffective assistance of appellate counsel to be filed within 90 days from journalization of the decision unless the applicant shows good cause for filing at a later time. Kinder's October application was filed approximately 200 days after this court journalized its decision on March 10, 2011. Thus, the application is untimely on its face.

**{¶3}** In an effort to show good cause, Kinder states that another inmate assaulted him on March 14, 2011, which resulted in injury and time spent in segregation, preventing him from using the library. He also asserts that he had limited access to the library and legal resources because of lockdowns, gang activity, vacation of the law librarian, and only three computer terminals at which to do research. He also states that he was not aware of App. R. 26(B) until he was transferred to Grafton prison in July 2011. Kinder supports his arguments with an affidavit but he did not submit any supporting documents such as prison hospital records to establish his claims for physical injury.

**{¶4}** In *State v. Gilbert*, 8th Dist. 90856, 2009-Ohio-607, reopening disallowed, 2010-Ohio-4103, this court ruled an argument of medical incapacity must be supported with records to substantiate the medical condition; a self-serving affidavit is insufficient. Thus, to the extent that Kinder seeks to show good cause by reason of physical injury or medical condition, his argument is unpersuasive, because it is unsupported.

**{¶5}** Kinder also argues that his lack of legal knowledge prevented him from timely filing his application. However, the courts have consistently ruled that lack of knowledge or ignorance of the law does not provide sufficient cause for untimely filing. *State v. Klein*, 8th Dist. No. 58389, 1991 WL 41746 (Apr. 8, 1991), reopening disallowed, Motion No. 249260 (Mar. 15, 1994), *aff'd*, 69 Ohio St.3d 1481, 634 N.E. 2d 1027 (1994); *State v. Trammell*, 8th Dist. No. 67834, 1995 WL 415171 (July 24, 1995), reopening disallowed, Motion No. 270493 (Apr. 22, 1996); *State v. Cummings*, 8th Dist. No. 69966, 1996 WL 596467 (Oct. 17, 1996), reopening disallowed, Motion No. 292134 (Mar. 26, 1998); and *State v. Young*, 8th Dist. Nos. 66768 and 66769, 1994 WL 568334 (Oct. 13, 1994), reopening disallowed, Motion No. 266164 (Dec. 5, 1995). Ignorance of the law is no excuse.

{¶6} Kinder also complains that he did not have ready access to the prison law library. However, the courts have also repeatedly rejected the claim that limited access to legal materials states good cause for untimely filing. Prison riots, lockdowns, and other library limitations have been rejected as constituting good cause. *State v. Tucker*, 73 Ohio St.3d 152, 1995-Ohio-2, 652 N.E.2d 720; *State v. Kaszas*, 8th Dist. Nos. 72547 and 72547, 1998 WL 598530 (Sept. 10, 1998), reopening disallowed, 2000 WL 1195676 (Aug. 14, 2000); *State v. Hickman*, Cuyahoga App. No. 72341, 1998 WL 213166 (Apr. 30, 1998) reopening disallowed, 2000 WL 1901272 (Dec. 13, 2000); and *State v. Turner*, Cuyahoga App. No. 55960, 1989 WL 139488 (Nov. 16, 1989), reopening disallowed, 2001 WL 1001014 (Aug. 20, 2001). Untimeliness alone is sufficient to dismiss the application.

{¶7} Accordingly, this court denies the application to reopen.


KENNETH A. ROCCO, JUDGE

PATRICIA A. BLACKMAN, P.J., and
COLLEEN CONWAY COONEY, J., CONCUR