[Cite as *State v. Johnson*, 2012-Ohio-2764.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 97327

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# ZANE JOHNSON

DEFENDANT-APPELLANT

## JUDGMENT:
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-543503

**BEFORE:** Celebrezze, P.J., Rocco, J., and E. Gallagher, J.

**RELEASED AND JOURNALIZED:** June 21, 2012

**ATTORNEY FOR APPELLANT**

David L. Doughten
The Brownhoist Building
4403 St. Clair Avenue
Cleveland, Ohio   44103


**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor
BY:    Kevin R. Filiatraut
Assistant Prosecuting Attorney
The Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

FRANK D. CELEBREZZE, JR., P.J.:

{¶1} Defendant-appellant, Zane Johnson, appeals from his conviction in the common pleas court after pleading guilty to aggravated murder and an accompanying three-year firearm specification. The issue before us is whether the trial court sufficiently determined that appellant understood the nature of the charges at the plea hearing. For the following reasons, the judgment of the trial court is affirmed.

{¶2} On November 1, 2010, appellant was indicted by the Cuyahoga County Grand Jury in Case No. CR-543503 on charges of aggravated murder in violation of R.C. 2903.01(A), with one- and three-year firearm specifications, and having a weapon while under a disability in violation of R.C. 2923.02. On November 4, 2010, appellant was arraigned, at which time he entered a plea of not guilty and was appointed counsel.

{¶3} On March 3, 2011, the trial court referred appellant to the court psychiatric clinic for competency and sanity evaluations. On May 23, 2011, the defense stipulated to the report of Dr. Vasilis K. Pozios, which found that appellant was competent to stand trial and was sane at the time the alleged crimes were committed. On that date, the case was set for trial to commence on June 27, 2011.

{¶4} On June 27, 2011, appellant withdrew his previously entered plea of not guilty and entered a plea of guilty to aggravated murder, as indicted, with an agreed recommended sentence of 20 years to life. Additionally, appellant pled guilty to the

three-year firearm specification, for a total agreed recommended sentence of 23 years to life. The remaining counts were dismissed by the prosecution. At sentencing, the trial court sentenced appellant to the agreed recommended sentence of 23 years to life.

{¶5} Appellant now brings this timely appeal, raising one assignment of error for review:

> I. The trial court abused its discretion by accepting the appellant's invalid plea.

## Law and Analysis

{¶6} In his sole assignment of error, appellant argues that the trial court failed to comply with Crim.R. 11, and therefore, his plea was not knowingly, voluntarily, or intelligently made.

{¶7} Crim.R. 11(C) governs the process by which a trial court must inform a defendant of certain constitutional and nonconstitutional rights before accepting a felony plea of guilty or no contest. The underlying purpose of Crim.R. 11(C) is to convey certain information to a defendant so that he can make a voluntary and intelligent decision regarding whether to plead guilty. *State v. Schmick*, 8th Dist. No. 95210, 2011-Ohio-2263.

{¶8} Crim.R. 11(C)(2) provides:

> In felony cases, the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:
>
> (a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation

or for the imposition of community control sanctions at the sentencing hearing.

(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.

(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

{¶9} In resolving whether a criminal defendant knowingly, intelligently, and voluntarily entered a plea, we review the record to determine whether the trial court adequately advised the defendant of his constitutional and nonconstitutional rights set forth in Crim.R. 11(C). *State v. Nero*, 56 Ohio St.3d 106, 564 N.E.2d 474 (1990).

The standard of review we use differs depending upon the rights appellant raises on appeal. Strict compliance is required if the appellant raises a violation of a constitutional right delineated in Crim.R. 11(C)(2)(c); alternatively, if the appellant raises a violation of a non-constitutional right found in Crim.R. 11(C)(2)(a) and (b), we look for substantial compliance.

*State v. Joachim*, 8th Dist. No. 90616, 2008-Ohio-4876, ¶ 7, quoting *State v. Asberry*, 173 Ohio App.3d 443, 2007-Ohio-5436, 878 N.E.2d 1082 (8th Dist.); *State v. Moviel*, 8th Dist. No. 86244, 2006-Ohio-697.

{¶10} Appellant contends that his guilty plea was not knowingly, intelligently, and voluntarily made because the trial court failed to make a sufficient inquiry into whether he understood the nature of the charges in compliance with Crim.R. 11(C)(2)(a).

Appellant specifically argues that the trial court did not adequately explain the element of "prior calculation and design."

**{¶11}** In determining whether a defendant is making a plea with an understanding of the nature of the charge, a trial court is not necessarily required to advise the defendant of the elements of the crime, or to specifically ask the defendant if he understands the charge, provided the totality of the circumstances support the trial court's determination that the defendant understands the charge. *See State v. Esner*, 8th Dist. No. 90740, 2008-Ohio-6654, at ¶ 3; *State v. Carpenter*, 8th Dist. No. 81571, 2003-Ohio-3019, at ¶ 2. "Where a defendant indicates that he understands the nature of the charge, in the absence of evidence to the contrary or anything in the record that indicates confusion, it is typically presumed that the defendant actually understood the nature of the charge against him." *State v. Wangul*, 8th Dist. No. 84698, 2005-Ohio-1175, ¶ 10, quoting *State v. Dickey*, 7th Dist. No. 03CA794, 2004-Ohio-3198, ¶ 11.

**{¶12}** A review of the plea-hearing transcript in this case supports a determination that appellant understood the nature of the charges against him. The record reflects that the trial court began its Civ.R. 11 colloquy by identifying the charges and accompanying specifications brought against appellant. The prosecutor then explained the plea agreement and identified the charges to which appellant would plead guilty. The trial court then asked appellant to answer general questions regarding his level of education, whether he understood the prosecutor's statements, whether he was under the influence of drugs or alcohol, and whether he understood he was withdrawing his previously entered

plea of not guilty. Appellant responded appropriately to each question and responded affirmatively that he understood what was happening in the plea proceedings. In response to further questioning, appellant indicated that he understood the constitutional rights he was waiving by pleading guilty.

{¶13} The trial court then identified the charges that appellant intended to plead guilty to and their potential sentences. Thereafter, the trial court outlined the recommended sentence agreed to between the parties, making sure appellant understood he was agreeing to the sentence of 20 years to life for aggravated murder with the additional three years for the firearm specification. Upon questioning, appellant affirmatively stated that he understood the nature of his charges and his potential sentence. He also indicated that no one had made any promises, threats, or inducements to cause him to enter the plea. The trial court then asked appellant:

> Understanding that these are your potential sanctions, Mr. Johnson, how do you plead to aggravated murder which occurred on or about October 14th of 2010, in that you in Cuyahoga County unlawfully did purposefully and with prior calculation and design cause the death of Kenneth James, how do you plead to aggravated murder?
>
> APPELLANT: Guilty.

{¶14} Under the totality of these circumstances, we find that the trial court substantially complied with Crim.R. 11(C)(2)(a). The record reflects that the trial court went to great lengths to ensure that appellant understood the nature of the charges and potential penalties. Moreover, appellant expressly stated that he understood the nature of the charges brought against him. Despite appellant's contention that the trial court was

required to explain the element of "prior calculation and design," "the trial court was under no obligation to explain the difference between aggravated murder and murder to the appellant." *State v. Howard*, 8th Dist. No. 62130, 1992 WL 140226, *4 (June 18, 1992).

{¶15} Based on the foregoing, we find that appellant's plea was knowingly, voluntarily, and intelligently made and that the trial court substantially complied with the requirements of Crim.R. 11(C).

{¶16} Appellant's sole assignment of error is overruled.

{¶17} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


FRANK D. CELEBREZZE, JR., PRESIDING JUDGE

KENNETH A. ROCCO, J., and
EILEEN A. GALLAGHER, J., CONCUR