[Cite as *State v. Freeman*, 2013-Ohio-3004.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 99351**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## MAURICE FREEMAN

DEFENDANT-APPELLANT

### JUDGMENT:
AFFIRMED IN PART; REVERSED IN PART
AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-410924

**BEFORE:** Jones, P.J., S. Gallagher, J., and McCormack, J.

**RELEASED AND JOURNALIZED:** July 11, 2013

**FOR APPELLANT**

Maurice Freeman, Pro se
Inmate #431-957
Trumbull Correctional Institution
P.O. Box 901
Leavittsburg, Ohio 44430


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY: T. Allan Regas
Assistant County Prosecutor
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

LARRY A. JONES, SR., P.J.:

{¶1} Defendant-appellant Maurice Freeman, appeals his sentence. We affirm in part and reverse in part and remand the case for a hearing limited to the imposition of postrelease control.

## I. Procedural History

{¶2} In 2001, a jury convicted Freeman of aggravated murder with one- and three-year gun specifications. The trial court convicted Freeman of a single bifurcated count of having weapons while under disability. The trial court sentenced Freeman to 3 years on the gun specifications to run consecutive to 20 years to life on the aggravated murder conviction. The court also sentenced him to one year on the having weapons while under disability conviction to run concurrent to the aggravated murder sentence. This court affirmed his conviction in *State v. Freeman*, 8th Dist. No. 80720, 2002-Ohio-4572, and denied a subsequent application for reopening of his appeal in *State v. Freeman*, 8th Dist. No. 80720, 2009-Ohio-3065.

{¶3} In April 2012, the trial court filed a nunc pro tunc journal entry imposing postrelease control as part of Freeman's original sentence. Freeman filed a motion to vacate his void judgment, which the state opposed and the trial court denied. Freeman filed a timely appeal and raises three assignments of error for our review, which will be combined for our review:

[I]. Whether [the] trial court abused [its] discretion, and implicated due

process when it denied "without hearing" defendant's properly pled and substantively supported motion for "vacation of void judgment" and "sentencing," where the record on [its] face presented a prima facie case for the suggested relief. [Citations omitted.]

[II].   Whether [the] trial court abused [its] discretion, and offended due process when it denied, without hearing, and failed to vacate a void judgment, when the record presents a prima facie case for relief as the trial court has failed to return a plea, verdict and findings, and sentence for all charges prosecuted against the defendant, rendering judgment deficient, interlocutory, [and] incomplete.   [Citations omitted.]

[III.] The trial court abused [its] discretion and violate[d] due process when it failed to enter judgment entry of conviction in compliance with Crim.R. 32(C). [Citations omitted.]

## II. Law and Analysis

{¶4} Within his assignments of error, Freeman argues that his convictions should be vacated because postrelease control was never properly imposed at the sentencing hearing or in the journal entry, the trial court filed multiple journal entries, and his indictment was defective.

{¶5} With respect to his argument that Freeman was charged under a defective indictment, we note that Freeman's convictions were already affirmed by this court. *Freeman*, 8th Dist. No. 80720, 2002-Ohio-4572.   Thus, this claim is barred by res judicata; moreover, a review of this claim evidences that it has no merit.

{¶6} Freeman next argues that the trial court failed to properly impose postrelease control and incorrectly issued subsequent journal entries attempting to cure this defect.

{¶7} In 2006, the Ohio General Assembly enacted R.C. 2929.191, providing courts with a procedure to correct postrelease control errors.   The statute applies to sentenced

offenders who are still in prison and were either not notified at their sentencing hearings of the applicable term of postrelease control or did not have such notice incorporated into their sentencing entries. R.C. 2929.191(A) and (B). For such offenders, R.C. 2929.191 provides that trial courts may, after holding a hearing, issue a nunc pro tunc entry that includes notification of the applicable term of postrelease control.

{¶8} In 2009, the Ohio Supreme Court held that R.C. 2929.191 only applies retrospectively to those offenders sentenced after its July 2006 enactment. *State v. Singleton*, 124 Ohio St.3d 173, 2009-Ohio-6434, 920 N.E.2d 958, syllabus.

{¶9} Because Freeman was sentenced in 2002, R.C. 2929.191 does not apply to him. The next year, however, in *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, the court considered sentences lacking postrelease control notification that were imposed prior to the effective date of R.C. 2929.191. In so doing, the court determined that such sentences were only partially void, and could be corrected to properly impose postrelease control with a limited sentencing hearing. *Id.* at ¶ 28-29.

{¶10} Therefore, regardless of whether R.C. 2929.191 or *Fischer* applies, a sentence lacking postrelease control notification does not entitle a criminal defendant to a de novo sentencing hearing; rather, the defendant is entitled to be resentenced only on the postrelease control portion of his or her sentence.

{¶11} Applying this concept to the case at bar, the parties agree that the original sentencing court failed to advise Freeman about his postrelease control obligations during his sentencing hearing. Consequently, Freeman's sentence is partially void, and subject to correction pursuant to *Fischer*. Contrary to Freeman's assertions, however, his new

sentencing hearing is limited to the proper imposition of postrelease control; he is not entitled to have his convictions vacated. *Fischer* at ¶ 29. "Res judicata still applies to other aspects of the merits of a conviction, including the determination of guilt and the lawful elements of the ensuing sentence." *Id.* at ¶ 40.

**{¶12}** Although the state urges us to affirm the trial court's denial of Freeman's motion in toto, our review of the record shows that the state filed a brief in opposition to Freeman's motion to vacate and asked the trial court to correct the postrelease control notification pursuant to *Fischer*, but the court failed to do so. The trial court did issue a journal entry in April 2012, informing Freeman of his postrelease control obligations, but never held a sentencing hearing. Moreover, in the April 2012 journal entry, the trial court imposed five years of postrelease control on the aggravated murder conviction. When an offender convicted of an unclassified felony is released from prison "he or she is subject to parole[,]" not postrelease control. *State v. Evans*, 8th Dist. No. 95692, 2011-Ohio-2153, ¶ 7. Thus, Freeman is subject to postrelease control only for the having weapons while under disability conviction.

**{¶13}** We sustain the assignments of error to the extent that Freeman was not properly notified of postrelease control for his having weapons while under disability conviction and remand the case for a hearing that is limited to the imposition of postrelease control for that conviction. We further instruct the trial court to correct its journal entry.

**{¶14}** Affirmed in part, reversed in part and remanded to the trial court for a *Fischer* sentencing hearing to impose postrelease control and correction of the journal

entry.

It is ordered that appellant and appellee share the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
LARRY A. JONES, SR., PRESIDING JUDGE

SEAN C. GALLAGHER, J., and
TIM McCORMACK, J., CONCUR