[Cite as *State v. Freeman*, 2014-Ohio-1732.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 100521

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## MAURICE FREEMAN

DEFENDANT-APPELLANT

### JUDGMENT:
### REVERSED AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-01-410924

**BEFORE:** Celebrezze, J., Boyle, A.J., and Kilbane, J.

**RELEASED AND JOURNALIZED:** April 24, 2014

**ATTORNEY FOR APPELLANT**

Russell S. Bensing
1350 Standard Building
1370 Ontario Street
Cleveland, Ohio   44113


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
BY:    Joseph J. Ricotta
Assistant Prosecuting Attorney
The Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

FRANK D. CELEBREZZE, JR., J.:

{¶1} Defendant-appellant, Maurice Freeman, appeals the trial court's imposition of three-years mandatory postrelease control on his conviction for having weapons while under disability. For the reasons that follow, we reverse and remand for proceedings consistent with this opinion.

## I. Procedural History

{¶2} On August 6, 2001, appellant was indicted and charged with aggravated murder in violation of R.C. 2903.01(A), with two firearm specifications; aggravated robbery in violation of R.C. 2911.01, with two firearm specifications; and having a weapon while under disability in violation of R.C. 2923.13.

{¶3} Appellant elected to have the final count tried to the bench; therefore, his case proceeded to a jury trial on the first two counts. At the conclusion of trial, the jury found appellant guilty of aggravated murder with firearm specifications and not guilty of aggravated robbery. After the trial court found appellant guilty of the remaining count, it sentenced him to concurrent terms of incarceration of three years on the firearm specifications, 20 years to life on the aggravated murder charge, and one year on the weapon charge. The journal entry specified that "postrelease control is part of this prison sentence for the maximum period allowed for the above felony(s)."

{¶4} On September 5, 2002, this court affirmed appellant's convictions and sentence. *State v. Freeman*, 8th Dist. Cuyahoga No. 80720, 2002-Ohio-4572. In June

2009, appellant unsuccessfully attempted to reopen his appeal pursuant to App.R. 26(B). *State v. Freeman*, 8th Dist. Cuyahoga No. 80720, 2009-Ohio-3065.

{¶5} On June 17, 2011, appellant filed a pro se motion for relief from judgment, which asserted that the trial court imposed an improper sentence and term of postrelease control. The trial court denied appellant's motion on September 15, 2011. On February 23, 2012, this court dismissed appellant's appeal from the trial court's judgment.

{¶6} On March 28, 2012, appellant filed a "motion for vacation of void judgment." The trial court denied the motion but made a nunc pro tunc entry that imposed a five-year period of postrelease control on the aggravated murder charge, and a three-year discretionary period for the weapons while under disability offense. Appellant appealed from the trial court's determination, but that appeal was dismissed for failure to file the record.

{¶7} On November 26, 2012, appellant renewed his "motion for vacation of void judgment." On December 11, 2012, the trial court denied appellant's motion. On appeal, this court found that the trial court had erred in its imposition of postrelease control. Specifically, this court held that the trial court erred in imposing postrelease control via nunc pro tunc entry and incorrectly imposed postrelease control on appellant's aggravated murder conviction. *State v. Freeman*, 8th Dist. Cuyahoga No. 99351, 2013-Ohio-3004. Accordingly, the matter was remanded to the trial court for a hearing limited to the imposition of postrelease control on appellant's having weapons while under disability conviction.

**{¶8}** On remand, the trial court made the following statements regarding the imposition of   postrelease control:

> Upon your release for the having a weapon under disability charge only, you shall be subject to a mandatory three year period of postrelease control.  If you violate postrelease control, the Parole Board has the authority to impose up to one half the original sentence imposed.

The journal entry provided, in relevant part:

> Post release control on Count 3 (formally Count 4) is mandatory 3 years for the above felony(s) under R.C. 2967.28.

> Post release control is part of this prison sentence for mandatory 3 years for the above felony(s) under R.C. 2967.28.  Defendant advised that if post release control supervision is imposed and if he/she violates that supervision or condition of post release control under R.C. 2967.131(b), parole board may impose a prison term as part of the sentence of up to one half of the stated prison term originally imposed upon the offender.

**{¶9}** Appellant now brings this timely appeal, raising one assignment of error for review.

## II. Law and Analysis

**{¶10}** In his sole assignment of error, appellant argues that the trial court erred in its order of postrelease control when it imposed a mandatory, rather than discretionary, period of postrelease control contrary to the requirements of R.C. 2967.28(C) and 2901.01(A)(9).

**{¶11}** Within this assignment of error, appellant contends that because his conviction for having a weapon while under disability was a felony of the third degree, the trial court was obligated to impose a discretionary term of postrelease control pursuant

to R.C. 2967.28(C).[1]  The state concedes this error. Accordingly, we sustain appellant's sole assignment of error and reverse and remand this matter for the limited purpose of imposing discretionary postrelease control pursuant to R.C. 2967.28(C) on appellant's conviction for having weapons while under disability.

{¶12} Reversed and remanded.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

FRANK D. CELEBREZZE, JR., JUDGE

MARY J. BOYLE, A.J., and
MARY EILEEN KILBANE, J., CONCUR

---

[1] R.C. 2901.01(A)(9) does not include weapons while under disability as an "offense of violence."