[Cite as *State v. Johnson*, 2014-Ohio-2972.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No.  46837

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## RICKY JOHNSON

DEFENDANT-APPELLANT

### JUDGMENT:
### APPLICATION DENIED

Cuyahoga County Court of Common Pleas
Case No. CR-81-164134-ZA
Application for Reopening
Motion No.  475418

**RELEASE DATE:** June 30, 2014

**FOR APPELLANT**

Ricky Johnson, pro se
Inmate No. 630-539
N.C.C.I.
P.O. Box 1812
Marion, Ohio   43302


**ATTORNEY FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
8th Floor Justice Center
1200 Ontario Street
Cleveland, Ohio   44113

EILEEN A. GALLAGHER, J.:

{¶1} Ricky Johnson, a.k.a. Rodney Knuckles, has filed an application for reopening pursuant to App.R. 26(B). Johnson is attempting to reopen the appellate judgment, rendered in *State v. Johnson*, 8th Dist. Cuyahoga No. 46837, 1983 Ohio App. LEXIS 13810 (Dec. 8, 1983), which affirmed his conviction for the offense of murder. We decline to reopen Johnson's appeal.

{¶2} App.R. 26(B)(2)(b) requires that Johnson establish "a showing of good cause for untimely filing if the application is filed more than 90 days after journalization of the appellate judgment," which is subject to reopening. The Supreme Court of Ohio, with regard to the 90-day deadline as provided by App.R. 26(B)(2)(b), has established that:

> We now reject [the applicant's] claims that those excuses gave good cause to miss the 90-day deadline in App.R. 26(B). * * * Consistent enforcement of the rule's deadline by the appellate courts in Ohio protects on the one hand the state's legitimate interest in the finality of its judgments and ensures on the other hand that any claims of ineffective assistance of appellate counsel are promptly examined and resolved.
>
> Ohio and other states "may erect reasonable procedural requirements for triggering the right to an adjudication," *Logan v. Zimmerman Brush Co.* (1982), 455 U.S. 422, 437, 102 S.Ct. 1148, 71 L.Ed.2d 265, and that is what Ohio has done by creating a 90-day deadline for the filing of applications to reopen. * * * The 90-day requirement in the rule is applicable to all appellants, *State v. Winstead* (1996), 74 Ohio St.3d 277, 278, 658 N.E.2d 722, and [the applicant] offers no sound reason why he — unlike so many other Ohio criminal defendants — could not comply with that fundamental aspect of the rule. (Emphasis added.) *State v. Gumm*, 103 Ohio St.3d 162, 2004-Ohio-4755, 814 N.E.2d 861, at ¶ 7. See also *State v. Lamar*, 102 Ohio St.3d 467, 2004-Ohio-3976, 812 N.E.2d 970; *State v. Cooey*, 73 Ohio

St.3d 411, 1995-Ohio-328, 653 N.E.2d 252; *State v. Reddick*, 72 Ohio St.3d 88, 1995-Ohio-248, 647 N.E.2d 784.

See also *State v. LaMar,* 102 Ohio St.3d 467, 2004-Ohio-3976, 812 N.E.2d 970*; State v. Cooey*, 73 Ohio St.3d 411, 1995-Ohio-328, 653 N.E.2d 252; and *State v. Reddick*, 72 Ohio St.3d 88, 1995-Ohio-249, 647 N.E.2d 784.

{¶3} Herein, Johnson is attempting to reopen the appellate judgment that was journalized on December 8, 1983. The application for reopening was not filed until June 2, 2014, more than 90 days after journalization of the appellate judgment in *Johnson*, *supra*.

{¶4} Johnson has failed to argue or establish a showing of good cause for the untimely filing of his application for reopening. *State v. Kinder*, 8th Dist. Cuyahoga No. 94722, 2012-Ohio-1339. *See also Lamar*, *supra*; and *State v. Davis*, 86 Ohio St.3d 212, 1999-Ohio-160, 714 N.E.2d 384. *Reddick*, *supra*. *See also State v. Klein*, 8th Dist. Cuyahoga No. 58389, Ohio App. LEXIS 1346 (Apr. 8, 1991), *reopening disallowed* (Mar. 15, 1994), Motion No. 49260, *aff'd*, 69 Ohio St.3d 1481, 634 N.E.2d 1027 (1994); *State v. Trammell*, 8th Dist. Cuyahoga No. 67834, 1995 Ohio App. LEXIS 2962 (July 24, 1995), *reopening disallowed* (Apr. 22, 1996), Motion No. 70493; *State v. Travis*, 8th Dist. Cuyahoga No. 56825, 1990 Ohio App. LEXIS 1356 (Apr. 5, 1990), *reopening disallowed* (Nov. 2, 1994), Motion No. 51073, *aff'd*, 72 Ohio St.3d 317, 1995-Ohio-152, 649 N.E.2d 1226; *State v. Gaston*, 8th Dist. Cuyahoga No. 79626, 2007-Ohio-155; and *State v. Torres*, 8th Dist. Cuyahoga No. 86530, 2007-Ohio-9.

{¶5} Accordingly, the application for reopening is denied.

EILEEN A. GALLAGHER, JUDGE

MARY J. BOYLE, A.J., and
EILEEN T. GALLAGHER, J., CONCUR