[Cite as State v. Freeman, 2014-Ohio-5273.]

 Court of Appeals of Ohio
 EIGHTH APPELLATE DISTRICT
 COUNTY OF CUYAHOGA

 JOURNAL ENTRY AND OPINION
 No. 100521

 STATE OF OHIO

 PLAINTIFF-APPELLEE

 vs.

 MAURICE FREEMAN

 DEFENDANT-APPELLANT

 JUDGMENT:
 APPLICATION DENIED

 Cuyahoga County Court of Common Pleas
 Case No. CR-01-410924
 Application for Reopening
 Motion No. 477646

 RELEASE DATE: November 25, 2014
FOR APPELLANT

Maurice Freeman, pro se
Inmate No. 431-957
Lake Erie Correctional Institution
P.O. Box 8000
Conneaut, Ohio 44030

ATTORNEYS FOR APPELLEE

Timothy J. McGinty
Cuyahoga County Prosecutor
By: Joseph J. Ricotta
Assistant County Prosecutor
8th Floor Justice Center
1200 Ontario Street
Cleveland, Ohio 44113
FRANK D. CELEBREZZE, JR., J.:

 {¶1} Maurice Freeman has filed an application for reopening pursuant to App.R. 26(B).

Freeman is attempting to reopen the appellate judgment, rendered in State v. Freeman, 8th Dist.

Cuyahoga No. 100521, 2014-Ohio-1732, that reversed the imposition of three-years mandatory

postrelease control, but remanded for the limited purpose of imposing discretionary postrelease

control pursuant to R.C. 2967.28(C). We decline to reopen Freeman’s appeal.

 {¶2} App.R. 26(B)(2)(b) requires that Freeman establish “a showing of good cause for

untimely filing if the application is filed more than 90 days after journalization of the appellate

judgment” that is subject to reopening. The Supreme Court of Ohio, with regard to the 90-day

deadline provided by App.R. 26(B)(2)(b), has established that

 [w]e now reject [the applicant’s] claims that those excuses gave good cause to
 miss the 90-day deadline in App.R. 26(B). * * * Consistent enforcement of the
 rule’s deadline by the appellate courts in Ohio protects on the one hand the state’s
 legitimate interest in the finality of its judgments and ensures on the other hand
 that any claims of ineffective assistance of appellate counsel are promptly
 examined and resolved.

 Ohio and other states “may erect reasonable procedural requirements for
 triggering the right to an adjudication,” Logan v. Zimmerman Brush Co. (1982),
 455 U.S. 422, 437, 102 S.Ct. 1148, 71 L.Ed.2d 265, and that is what Ohio has
 done by creating a 90-day deadline for the filing of applications to reopen. * * *
 The 90-day requirement in the rule is “applicable to all appellants,” State v.
 Winstead (1996), 74 Ohio St.3d 277, 278, 658 N.E.2d 722, and [the applicant]
 offers no sound reason why he — unlike so many other Ohio criminal defendants
 — could not comply with that fundamental aspect of the rule.

(Emphasis added.) State v. Gumm, 103 Ohio St.3d 162, 2004-Ohio-4755, 814 N.E.2d 861, ¶ 7.

 See also State v. Lamar, 102 Ohio St.3d 467, 2004-Ohio-3976, 812 N.E.2d 970; State v. Cooey,

73 Ohio St.3d 411, 653 N.E.2d 252 (1995); State v. Reddick, 72 Ohio St.3d 88, 647 N.E.2d 784

(1995).
 {¶3} Herein, Freeman is attempting to reopen the appellate judgment that was journalized

on April 24, 2014. The application for reopening was not filed until August 15, 2014, more

than 90 days after journalization of the appellate judgment in Freeman, supra. In an attempt to

establish good cause for the untimely filing of his application for reopening, Freeman argues that

 [a]ppellant is late because he was transferred to another correctional facility on
 May 28, 2014. During the transfer several legal documents were lost and have
 not been recovered, and appellant has experienced difficulties in preparing this
 application because of the lost [sic] of these documents during his institutional
 transfer.

 {¶4} Freeman has failed to establish a showing of good cause for the untimely filing of

his application for reopening. A claim of lost or misplaced legal documents does not establish

good cause for the untimely filing of an application for reopening. State v. Qunnie, 8th Dist.

Cuyahoga No. 72580, 2000 Ohio App. LEXIS 6223 (Dec. 21, 2000). In addition, ready access

to the prison library, limited access to legal material, prison riots, and prison lockdowns have

been repeatedly rejected as good cause for the untimely filing of an App.R. 26(B) application for

reopening. State v. Kinder, 8th Dist. Cuyahoga No. 94722, 2012-Ohio-1339. Also, counsel

cannot be expected to argue their own ineffectiveness on appeal. Lamar, supra; State v. Davis,

86 Ohio St.3d 212, 714 N.E.2d 384 (1999). Finally, lack of legal training and ignorance of the

law does not establish good cause for failure to seek timely relief pursuant to App.R. 26(B).

Reddick, supra. See also State v. Klein, 8th Dist. Cuyahoga No. 58389, 1991 Ohio App. LEXIS

1346 (Mar. 28, 1991), reopening disallowed, (Mar. 15, 1994), Motion No. 249260, aff’d, 69

Ohio St.3d 1481, 634 N.E.2d 1027 (1994); State v. Trammell, 8th Dist. Cuyahoga No. 67834,

1995 Ohio App. LEXIS 2962 (July 13, 1995), reopening disallowed, (Apr. 22, 1996), Motion

No. 270493; State v. Travis, 8th Dist. Cuyahoga No. 56825, 1990 Ohio App. LEXIS 1356 (Apr.

5, 1990), reopening disallowed, (Nov. 2, 1994), Motion No. 251073, aff’d, 72 Ohio St.3d 317,
649 N.E.2d 1226 (1995); State v. Gaston, 8th Dist. Cuyahoga No. 79626, 2007-Ohio-155; State

v. Torres, 8th Dist. Cuyahoga No. 86530, 2007-Ohio-9.

 {¶5} Accordingly, the application for reopening is denied.

FRANK D. CELEBREZZE, JUDGE

MARY J. BOYLE, A.J., and
MARY EILEEN KILBANE, J., CONCUR