[Cite as *State v. Freeman*, 2021-Ohio-1489.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 109744 |
| v. | : | |
| MAURICE FREEMAN, | : | |
| Defendant-Appellant. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** April 29, 2021

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-01-410924-ZA

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Katherine E. Mullin and Daniel Cleary, Assistant Prosecuting Attorneys, *for appellee.*

Maurice Freeman, *pro se.*

EILEEN A. GALLAGHER, J.:

{¶ 1} Defendant-appellant, Maurice Freeman ("Freeman"), pro se, appeals from the denial of his petition for postconviction relief. For the following reasons, we affirm.

{¶ 2} The facts of this appeal have been set forth by this court in Freeman's direct appeal, *State v. Freeman,* 8th Dist. Cuyahoga No. 80720, 2002-Ohio-4572. He was found to be guilty of aggravated murder with firearm specifications and having a weapon while under disability. *Id.* at ¶ 15. The court sentenced Freeman to a term of 20 years to life in prison for aggravated murder to be served subsequent and consecutive to three years for the firearm specification on that count. *Id.* Further, he was sentenced to a concurrent term of one year on the weapons charge. *Id.* On direct appeal, this court affirmed his conviction. *Id.* at ¶ 2.

{¶ 3} In *State v. Freeman*, 8th Dist. Cuyahoga No. 99351, 2013-Ohio-3004, appearing pro se, Freeman challenged his convictions asserting that they should be vacated because postrelease control was not properly imposed at the sentencing hearing or in the journal entry. *Id.* at ¶ 4. He also raised several other issues which were summarily denied as being barred by res judicata. *Id.* at ¶ 3-5.

{¶ 4} In that appeal, this court sustained his assignment of error to the extent that Freeman was not properly notified of postrelease control for his conviction of having a weapon while under disability. *Id.* at ¶ 13. This court remanded the matter to the trial court for a hearing "that is limited to the imposition of postrelease control for that conviction." *Id.*

{¶ 5} The trial court conducted a hearing as ordered by this court and imposed "post release control on count 3 (formerly count 4) is mandatory 3 years for the above felony(s) under R.C. 2967.28"

{¶ 6} Freeman, through counsel, appealed that order assigning for error that the trial court erred in its order of postrelease control when it imposed a mandatory, rather than discretionary, period contrary to the requirement of R.C. 2967.28(B) and 2901.01(A)(9). This court sustained that assignment of error and reversed and remanded to the trial court "for the limited purpose of imposing discretionary postrelease control pursuant to R.C. 2967.28(C) on appellant's conviction for having weapons while under disability." *State v. Freeman*, 8th Dist. Cuyahoga No. 100521, 2014-Ohio-1732, ¶ 11.

{¶ 7} In *State v. Freeman*, 8th Dist. Cuyahoga No. 104711, 2017-Ohio-1281, this court affirmed the trial court's denial of Freeman's motion to withdraw waiver of jury trial. *Id.* at ¶ 10.

{¶ 8} In *State v. Freeman*, 8th Dist. Cuyahoga No. 106363, 2018-Ohio-2936, Freeman appealed, asserting three assignments of error: 1. That the trial court violated due process, erred to his prejudice and acted outside its authority when it imposed a sentence at the sentencing hearing that failed to comply with the sentencing statute, and was not authorized by law; 2. The trial court abused its discretion, violated due process, and erred to the prejudice of Appellant when it entered and refused to correct an incorrect journal entry of sentencing and did not dispose of both firearm specifications and 3. The trial court abused its discretion, violated due process, and committed a prejudicial act against Appellant when it entered a judgment entry contradicting what actually occurred at the sentencing hearing. This court affirmed the decisions of the trial court.

{¶ 9} Freeman then filed, pro se, a "POST CONVICTION PETITION pursuant to Crim.R. 35 and R.C. 2953.21-2953.23, motion to vacate and set aside conviction and sentence for lack of subject-matter jurisdiction" which was summarily denied on April 13, 2020. This appeal follows.

{¶ 10} Freeman's current appeal cites six assignments of error:

[1] The trial court abused it's [sic] discretion, erred, and activated Sixth Amendment jurisdictional bar to any valid sentence or conviction when it did not provide defendant with the assistance of counsel during all trial proceedings.

[2] The trial court abused it's [sic] discretion, erred, when it denied defendant his Sixth Amendment right to present closing argument with the assistance of counsel for Count 3 the weapons while under disability offense.

[3] The trial court abused discretion, erred, when it denied defendant his right to jury trial, absent any jury trial waiver for Count 3 weapons while under disability, and still imposed sentence of confinement.

[4] The trial court abused it's [sic] discretion, erred when it entered judgment entry of conviction and sentence on Count 3 weapons while under disability, but the court failed to make a finding of guilt during the guilt phase and failed to impose a sentence during sentencing phase.

[5] The trial court abused it's [sic] discretion, erred, when it made a finding of guilty and imposed a sentence on a non-existent Count 4 during the sentencing hearing.

[6] Trial counsel was ineffective, deficient, and failed to subject the state's entire case to the adversarial testing process, thereby denying the protections of the sixth amendment.

As set forth above, this appeal relates to convictions entered in 2001. Since that time, five appeals have been fully addressed by this court based upon those convictions.

{¶ 11} We begin by stating that Freeman's petition for postconviction relief was untimely filed to wit: on February 19, 2020. Pursuant to R.C. 2953.21(D), a trial court shall consider a petition that is timely filed under R.C. 2953.21(A)(2). R.C. 2953.21(A)(2), provides that generally, such a petition shall be filed no later than 365 days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication. The record in this case was filed with this court on February 19, 2002. As Freeman's petition was filed on February 19, 2020, a total of 5425 days passed since the filing of the record for the direct appeal. Ergo, it is untimely.

{¶ 12} Where a petition for postconviction relief is untimely pursuant to R.C. 2953.21(A)(2), absent demonstrated compliance with both conditions set forth in R.C. 2953.23(A)(1) the trial court does not have jurisdiction to consider the petition. *State v. Porter*, 8th Dist. Cuyahoga No. 106032, 2018-Ohio-1200, ¶ 8-10. R.C. 2953.23(A)(1) requires a petitioner to demonstrate that the following conditions apply:

> (a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.

> (b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for

constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence.

R.C. 2953.23(A)(1).

{¶ 13} Here, Freeman does not demonstrate that he was unavoidably prevented from discovering the facts upon which he relies, citing information contained in the record of the proceedings. He does not identify a new federal or state right upon which to base his claim and he does not show by clear and convincing evidence that but for a constitutional error no reasonable factfinder would have found him guilty. Accordingly, the court did not have jurisdiction to consider Freeman's petition. *See Porter* at ¶ 8-10.

{¶ 14} Further, Freeman's claims as set forth in his petition are barred by the doctrine of res judicata. Under the doctrine of res judicata,

> "[A] final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment."

*State v. Straley*, 159 Ohio St.3d 82, 2019-Ohio-5206, 147 N.E.3d 623, ¶ 35, quoting *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraph nine of the syllabus. The Ohio Supreme Court has also held that the doctrine of res judicata bars a defendant from asserting in a motion for postconviction relief any issue that could have been raised on direct appeal. *State v. Reynolds*, 79 Ohio St.3d 158, 161, 679 N.E.2d 1131 (1997), citing *State v. Duling*, 21 Ohio St.2d 13, 254 N.E.2d 670 (1970).

{¶ 15} Finally, the claims in Freeman's petition for postconviction relief are, once again, without merit.

{¶ 16} Freeman was arraigned on these charges on August 9, 2001, at which time he was appointed counsel who continued to represent him throughout the pretrial and trial process and through conviction. Postconviction, counsel was appointed to represent him on his direct appeal and in one of his subsequent appeals he was represented by counsel.

{¶ 17} As to his current claims regarding the charge of having a weapon while under disability, this issue has been previously litigated. It is meritless. On November 26, 2001, Freeman executed a jury waiver as to the weapons charge only. On that same date, the state of Ohio recommended that Count 2 be nolled and the trial court renumbered the indicted charges. He was found to be guilty by the trial court of the weapons charge in renumbered Count 3 and was sentenced accordingly.

{¶ 18} We overrule the assignments of error.

{¶ 19} Judgment affirmed.

As appellant has filed a duly notarized affidavit of indigency with this court, costs of this proceeding are waived.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN A. GALLAGHER, JUDGE

KATHLEEN ANN KEOUGH, P.J., and
EMANUELLA D. GROVES, J., CONCUR