[Cite as *State v. Duncan*, 2017-Ohio-8103.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| *Plaintiff-Appellee* | : | Appellate Case No. 2016-CA-77 |
| | : | |
| v. | : | Trial Court Case No. 2006-CR-552 |
| | : | |
| CHARLES DUNCAN | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| *Defendant-Appellant* | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 6th day of October, 2017.

. . . . . . . . . . .

ANDREW P. PICKERING, Atty. Reg. No. 0068770, Assistant Prosecuting Attorney, Clark County Prosecutor's Office, 50 East Columbia Street, Fourth Floor, Springfield, Ohio 45502
      Attorney for Plaintiff-Appellee

STEVEN H. ECKSTEIN, Atty. Reg. No. 0037253, P.O. Box 36485, 1208 Bramble Avenue, Washington Court House, Ohio 43160
      Attorney for Defendant-Appellant

. . . . . . . . . . . . .

TUCKER, J.

**{¶ 1}** Defendant-appellant Charles Duncan appeals from an amended judgment of the Clark County Court of Common Pleas that overruled, in part, his motion to vacate a void sentence.

**{¶ 2}** We conclude that the trial court exceeded its sentencing authority. Accordingly, the judgment of the trial court is reversed in part and remanded for resentencing in accordance with this opinion.

## I. Facts and Procedural History

**{¶ 3}** This case arises from the May 6, 2006 shooting death of Duncan's girlfriend Bobbi Jo Pyles. On October 12, 2006, a jury convicted Duncan of felony murder. The trial court imposed a prison term of "LIFE with the possibility of parole after fifteen (15) years plus a one (1) year firearm specification to be served CONSECUTIVE." Following an appeal, this court affirmed the judgment of the trial court.[1] *State v. Duncan*, 2d Dist. Clark No. 2006 CA 109, 2007-Ohio-4079.

**{¶ 4}** On October 12, 2016, Duncan filed a pro se motion to vacate his sentence. In the motion, he argued that the trial court's sentence was void because it imposed a term of post release control for an unclassified felony that is not subject to post release control. Duncan further argued that the trial court erred because the judgment entry ordered him to pay costs even though the trial court failed to impose costs at the sentencing hearing. Finally, he argued that the trial court entered a sentence not

---

[1] The direct appeal made no argument regarding the sentence imposed by the trial court.

provided for by statute thereby rendering the sentence void.

{¶ 5} On October 27, 2016, the trial court entered an amended judgment of conviction stating that Duncan was not subject to post release control or costs. The trial court stated that the sentence would otherwise remain in effect as set forth in the original judgment entry. Duncan appeals.[2]

## II. Analysis

{¶ 6} Duncan's sole assignment of error states as follows:

THE TRIAL COURT ERRED, AS A MATTER OF LAW, BY SENTENCING DEFENDANT-APPELLANT TO LIFE IMPRISONMENT WITH THE POSSIBILITY OF PAROLE AFTER FIFTEEN (15) YEARS.

{¶ 7} Duncan contends that the judgment entry imposing a sentence of life in prison is contrary to law and that the sentence is, thus, void. As noted, Duncan was convicted of felony murder in violation of R.C. 2903.02(B). R.C. 2929.02(B)(1) provides that "* * * whoever is convicted of or pleads guilty to murder in violation of section 2903.02 of the Revised Code shall be imprisoned for an indefinite term of fifteen years to life." However, the trial court imposed a prison term of "life with the possibility of parole."

{¶ 8} Duncan's argument is based upon the holding in *State v. Kemp*, 8th Dist. Cuyahoga No. 97913, 2013-Ohio-167, wherein the court held that a sentence, such as the one imposed herein, is contrary to law and must be reversed because it does not comport with the language of R.C. 2929.02(B)(1). *Id.* at ¶ 75 - 76. The State admits that the sentence differs from the appropriate statuory language. However, the State

---

[2] Counsel was appointed to represent Duncan on appeal.

argues that "while the language used by the trial court does not track the statutory language precisely, and appears more like [the sentencing] language appearing in R.C. 2929.03(A)(1)(b)-(d), in terms of how the sentence is treated for purposes of parole, the sentences are the same." Thus, the State contends that Duncan's argument "presents a distinction without a difference." The State further argues that the request to vacate was untimely. Duncan's reply brief notes that void sentences may be corrected at any time.

{¶ 9} *Kemp, supra*, involved a direct appeal, whereas we are dealing with a sentence that is more than a decade old. But, Duncan argues that his sentence is void, and therefore, subject to attack at any time. Thus, we must determine whether the sentence imposed by the trial court, and described by the Eighth District Court of Appeals in *Kemp* as contrary to law, is void or is merely a type of sentencing error that may only be challenged on direct appeal.

{¶ 10} Generally, "if the sentencing court had jurisdiction and statutory authority to act, sentencing errors do not render the sentence void and the sentence can be set aside only if successfully challenged on direct appeal." *State v. Williams*, 148 Ohio St.3d 403, 2016-Ohio-7658, 71 N.E.3d 234, ¶ 23, citing *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, ¶ 6-7. However, because " '[n]o court has the authority to impose a sentence that is contrary to law,' when the trial court disregards statutory mandates, '[p]rinciples of res judicata, including the doctrine of the law of the case, do not preclude appellate review. The sentence may be reviewed at any time, on direct appeal or by collateral attack.' " *Id.* at ¶ 22, quoting *Fischer* at ¶s 23, 30.

{¶ 11} "[Ohio's] jurisprudence on void sentences 'reflects a fundamental

understanding of constitutional democracy' that the power to define criminal offenses and prescribe punishment is vested in the legislative branch of government and that courts may impose sentences only as provided by statute." *Williams*, at ¶ 22, quoting *Fischer*, at ¶ 21–22. Thus, "[t]he function and duty of a court is to apply the law as written." *State v. Beasley*, 14 Ohio St.3d 74, 75, 471 N.E.2d 774 (1984), *superseded by statute on other grounds* as stated in *State v. Singleton*, 124 Ohio St.3d 173, 2009–Ohio–6434, 920 N.E.2d 958. " * * * Crimes are statutory, as are the penalties therefor, and the only sentence which a trial judge may impose is that provided for by statute * * *. A court has no power to substitute a different sentence for that provided for by law." *Id.*, quoting *Colegrove v. Burns*, 175 Ohio St. 437, 438, 195 N.E.2d 811 (1964). "Any attempt by a court to disregard statutory requirements when imposing a sentence renders the attempted sentence a nullity or void." *Id.*

{¶ 12} With this standard in mind, we turn to the issue of whether the trial court exceeded its authority in sentencing. As noted, R.C. 2929.02(B)(1) explicitly requires the imposition of an indefinite prison term of fifteen years to life.

{¶ 13} "When construing a statute, [a reviewing] court's paramount concern is the legislative intent in enacting the statute." *Yonkings v. Wilkinson*, 86 Ohio St.3d 225, 227, 714 N.E.2d 394 (1999), citing *State v. S.R.*, 63 Ohio St.3d 590, 594, 589 N.E.2d 1319 (1992). "Furthermore, 'words must be taken in their usual, normal or customary meaning.' " *Id.*, quoting *S.R.* at 595. "A 'definite' sentence is just what its name implies: a specific number of years of imprisonment rather than a range defined by minimum and maximum terms. Referring to a minimum or maximum term of imprisonment makes sense only when speaking of an indefinite sentence." *Id.*

**{¶ 14}** We reject the State's argument that the sentence imposed has no practical consequence because it has the same outcome for purposes of parole. Regardless of whether the two sentences permit parole at the same time, they are two different sentences. One is set forth by statute, the other is not. The trial court converted an indefinite sentence required by statute into a *de facto* definite sentence. Thus, we conclude that the trial court exceeded its authority in sentencing, rendering void the sentence imposed.

**{¶ 15}** Duncan's sole assignment of error is sustained.

### III. Conclusion

**{¶ 16}** Duncan's sole assignment of error being sustained, the trial court's judgment of October 27, 2016 is reversed in part and the cause is remanded for resentencing in accordance with this opinion.

. . . . . . . . . . . .

DONOVAN, J. and FROELICH, J., concur.

Copies mailed to:

Andrew P. Pickering
Steven H. Eckstein
Hon. Douglas M. Rastatter