[Cite as *State v Dowdy*, 2019-Ohio-3570.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                        :

    Plaintiff-Appellee,          :

                       No. 107844

v.                                    :

SHAUN E. DOWDY,                       :

    Defendant-Appellant.         :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** VACATED IN PART AND REMANDED IN PART
**RELEASED AND JOURNALIZED:** September 5, 2019

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-09-520345-B

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecutor, and Katherine Mullin, Assistant Prosecuting Attorney, *for appellee.*

Mark A. Stanton, Cuyahoga County Public Defender, and John T. Martin, Assistant Public Defender, *for appellant.*

EILEEN A. GALLAGHER, J.:

{¶ 1} Defendant-appellant Shaun Dowdy appeals after his "Motion to Correct Void Sentence" was granted in part and denied in part. We vacate his

aggravated murder sentence and remand the case to the trial court for resentencing on that count.

{¶ 2} In 2013, Dowdy pleaded guilty to one count of aggravated murder with a three-year firearm specification and one count of kidnapping. The trial court sentenced Dowdy to "20 years to life" for aggravated murder, three years for the firearm specification and ten years for kidnapping. The court ordered Dowdy to serve these sentences consecutively for a total sentence of "33 years to life" in prison.

{¶ 3} On appeal, Dowdy challenges his sentence in two assignments of error:

> (1) The sentence imposed on Count Nine [aggravated murder] is void ab initio and the trial court erred when it refused to sentence on Count Nine de novo.
>
> (2) The sentence imposed on Count One [kidnapping] is void ab initio and the trial court erred when it refused to sentence on Count One de novo.

**Aggravated Murder**

{¶ 4} In his first assignment of error, Dowdy argues that his aggravated murder sentence is void because it was not authorized by statute.

{¶ 5} During the pendency of this appeal, a panel of this court decided *State v. Smith*, 8th Dist. Cuyahoga No. 106893, 2019-Ohio-155, *appeal not accepted*, 155 Ohio St.3d 1438, 2019-Ohio-1536, 121 N.E.3d 409. *Smith* is indistinguishable, controlling and dispositive of this issue.

{¶ 6} In *Smith*, the defendant pleaded guilty to aggravated murder and the trial court sentenced him to a term of "20 years to life in prison." *Id.* at ¶ 3. At the

time the defendant was sentenced, in relevant part, R.C. 2929.03(A) provided that aggravated murder was punishable by a sentence of "'life imprisonment with parole eligibility after serving twenty years of imprisonment.'" *Id.* at ¶ 16, quoting R.C. 2929.03(A). The panel rejected the state's argument that although the two sentences were worded differently that they had the same "practical effect." *Id.* at ¶ 18. Instead, and by reference to the different language used in the murder and aggravated murder statutes, the panel stated "[o]ne expressly sets forth parole eligibility by statute, the other does not." *Id.* at ¶ 25, citing *State v. Duncan*, 2d Dist. Clark No. 2016-CA-77, 2017-Ohio-8103, ¶ 14. On that basis, the panel concluded that the sentence of "20 years to life in prison" did not comport with R.C. 2929.03(A), that the court exceeded its authority by imposing that sentence and that the resulting sentence was therefore void. *Id.*

{¶ 7} Similar to the *Smith* defendant, Dowdy was sentenced to "20 years to life" in prison. At that time, R.C. 2929.03(A) prescribed the penalty for aggravated murder and in relevant part required:

> [L]ife imprisonment with parole eligibility after serving twenty years of imprisonment.

{¶ 8} On the authority of *Smith*, 8th Dist. Cuyahoga No. 106893, 2019-Ohio-155, Dowdy's sentence was not authorized by the statute and is, therefore, void. Accordingly, on that basis we sustain the first assignment of error. We vacate Dowdy's sentence for aggravated murder and remand the case for resentencing as to that count.

**Kidnapping**

{¶ 9} In his second assignment of error, Dowdy argues that his kidnapping sentence is void because the trial court did not impose postrelease control at sentencing.

{¶ 10} At the hearing on Dowdy's motion, the trial court stated "this is a hearing in accordance with Revised Code section 2929.191(C) to correct the judgment of conviction, which the Court will acknowledge the judgment entry did not reference post-release control in the judgment entry itself." The transcript of the hearing further reflects that the court then imposed postrelease control and confirmed that in its journal entry. *See State v. Holdcroft*, 137 Ohio St.3d 526, 2013-Ohio-5014, 1 N.E.3d 382, ¶ 23 (Lanzinger, J., concurring in judgment only) ("R.C. 2929.191 * * * authorizes a trial court to correct a sentencing error related to the imposition of post[-]release control, provided that the correction is made after the offender is given a hearing and while the offender is still serving the prison term for the relevant offense."). We note that at the time of the hearing, Dowdy was still serving his sentence for kidnapping. *See* Ohio Adm.Code 5120-2-03.1(M).

{¶ 11} Dowdy does not argue that there was any procedural deficiency as to the court's imposition of postrelease control, admitting that "the trial court's procedure was consistent with the Ohio Supreme Court's decision in *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332." Nevertheless, Dowdy argues that the court should have instead resentenced de novo based on his belief that "*Fischer* was incorrectly decided."

{¶ 12} Dowdy's personal beliefs notwithstanding, this court is bound to follow the law as set forth by the Ohio Supreme Court and the Ohio General Assembly. Accordingly, we overrule the second assignment of error.

{¶ 13} Sentence is vacated in part and remanded in part to the lower court for further proceedings consistent with this opinion.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry out this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN A. GALLAGHER, JUDGE

MARY EILEEN KILBANE, A.J., and
FRANK D. CELEBREZZE, JR., J., CONCUR