[Cite as *State v. Johnson*, 2020-Ohio-191.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                                  :

    Plaintiff-Appellee,              :

                    No. 108419

    v.                                       :

RICKY JOHNSON,                                  :

    Defendant-Appellant.             :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** January 23, 2020

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-81-164134-ZA

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Daniel T. Van, Assistant Prosecuting Attorney, *for appellee.*

Ricky Johnson, a.k.a. Rodney Knuckles, *pro se.*

MICHELLE J. SHEEHAN, J.:

{¶ 1}  Defendant-appellant Ricky Johnson, a.k.a. Rodney Knuckles, appeals pro se from the trial court's denial of his "motion to vacate void sentence & court plea hearing" filed after several successive postconviction relief petitions and more

than 30 years after he was sentenced.  Because we find Johnson's sentence was not void and res judicata bars this appeal, we affirm the trial court.

Procedural History

**{¶ 2}** Johnson was indicted for murder in 1981.  A jury convicted him of murder, and the court sentenced Johnson to 15 years to life in prison.  In 1982, this court reversed the conviction and remanded the case for a new trial on the ground that the trial court failed to instruct the jury on the affirmative defense of self-defense. *State v. Johnson*, 8th Dist. Cuyahoga No. 44160, 1982 Ohio App. LEXIS 15386 (July 15, 1982).  Johnson waived his right to a jury in the second trial, which began in April 1983.  Following a new trial, the court found Johnson guilty of murder and sentenced him to 15 years to life imprisonment.  Johnson appealed his conviction, raising two assignments of error regarding the admission of testimonial evidence.  Having found no merit to the appeal, we affirmed the judgment of the trial court. *State v. Johnson*, 8th Dist. Cuyahoga No. 46837, 1983 Ohio App. LEXIS 13810 (Dec. 8, 1983).

**{¶ 3}** Following his appeal in 1983, Johnson filed several petitions for postconviction relief, all of which were denied. *See State v. Knuckles*, 8th Dist. Cuyahoga No. 101309, 2014-Ohio-3823, ¶ 3.  In May 2013, Johnson filed a "motion pursuant to ORC 2945.05, that the trial court was without jurisdiction to conduct a bench trial."  In this motion, Johnson argued that there was no written jury waiver executed in his case.  The trial court denied the motion, and Johnson appealed.  In November 2013, this court dismissed the appeal for Johnson's failure to file a brief.

*Id.* at ¶ 3. In February 2014, Johnson filed another postconviction petition for relief, raising the same arguments addressed in his May 2013 motion. The trial court denied Johnson's motion, and he once again appealed. In September 2014, this court dismissed Johnson's appeal, finding Johnson's "blatant attempt to circumvent the appellate rules and prior decisions of this court requires the dismissal of the instant appeal." *Id.* at ¶ 8.

{¶ 4} Also in 2014, Johnson filed an application for reopening of his appeal under App.R. 26(B). Finding Johnson "failed to argue or establish a showing of good cause for the untimely filing of his application for reopening," we denied his application for reopening. *State v. Johnson*, 8th Dist. Cuyahoga No. 46837, 2014-Ohio-2972.

{¶ 5} In August 2016, Johnson filed another petition for postconviction relief entitled "postconviction relief pursuant to [R.C.] 2953.21 to 2953.23," arguing that the trial court lacked subject-matter jurisdiction and therefore his conviction is void. And in September 2016, Johnson filed a motion for summary judgment on his petition for postconviction relief. The trial court denied the petition and the motion.

{¶ 6} In September 2017, Johnson filed a "motion to vacate void sentence [under] Crim.R. 47," arguing that a defective jury waiver in his case renders his conviction void. The trial court denied the motion, and Johnson appealed. In a journal entry dated November 20, 2017, this court dismissed the appeal, finding that Johnson raised the same issue concerning the validity of a jury waiver in a prior appeal and therefore res judicata bars this appeal.

{¶ 7} In March 2019, Johnson filed a "motion to vacate void sentence & court plea hearing," which is the subject of this appeal.

Law and Analysis

{¶ 8} Johnson claims in this appeal, for the first time since his conviction more than 30 years ago, that the trial court imposed a sentence that is not authorized by law and therefore void because the trial court failed to include the term "indefinite" in the court's sentencing entry imposing a 15-year-to-life prison sentence. Johnson also contends that the court's failure to include the term "indefinite" prevented him from receiving a deduction from his minimum sentence.

{¶ 9} The doctrine of res judicata bars a defendant "from raising and litigating in any proceeding, except an appeal from [a final] judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction or on an appeal from that judgment." *State v. Perry*, 10 Ohio St.2d 175, 180, 226 N.E.2d 104 (1967). And sentencing errors not raised on direct appeal are generally barred by the doctrine of res judicata. *State v. Willard*, 8th Dist. Cuyahoga No. 101055, 2014-Ohio-5278, ¶ 10. Void sentences, however, are an exception to the res judicata doctrine and may be reviewed at any time, either on direct appeal or by collateral attack. *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, ¶ 30; *State v. Williams*, 8th Dist. Cuyahoga No. 105873, 2018-Ohio-688, ¶ 9. "A void judgment has no legal force or effect, and any party whose rights are affected may challenge its invalidity at any time and any place." *Willard* at ¶ 11.

**{¶ 10}** Ohio courts have consistently held that a sentence that is not in accordance with statutorily mandated terms is void. *Fischer* at ¶ 8, citing *State v. Bezak*, 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961; *State v. Jordan*, 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864; *State v. Beasley*, 14 Ohio St.3d 74, 75, 471 N.E.2d 774 (1984); *Colegrove v. Burns*, 175 Ohio St. 437, 195 N.E.2d 811 (1964). And where a trial court "'disregard[s] statutory [sentencing] requirements,'" the sentence imposed is void. *State v. Williams*, 148 Ohio St.3d 403, 2016-Ohio-7658, 71 N.E.3d 234, ¶ 20, quoting *Beasley* at 75; *State v. Houston*, 8th Dist. Cuyahoga No. 107538, 2019-Ohio-355, ¶ 5.

**{¶ 11}** Here, Johnson was convicted of murder in violation of R.C. 2903.02, which, at the time of Johnson's conviction, provided that "[n]o person shall purposely cause the death of another." At the time of Johnson's sentencing in 1983, R.C. 2929.02(B), the applicable sentencing statute for murder at that time, provided that "[w]hoever is convicted of, pleads guilty to, or pleads no contest and is found guilty of, murder in violation of [R.C.] 2903.02 shall be imprisoned for an indefinite term of fifteen years to life * * *." On April 8, 1983, the trial court sentenced Johnson to a correctional facility "for a term of fifteen (15) years to life * * *."

**{¶ 12}** Johnson claims that the trial court's failure to include "indefinite" in his sentence renders his sentence void. In support, he cites to *State v. Banks*, 1st Dist. Hamilton No. C-890219, 1990 Ohio App. LEXIS 2928 (July 18, 1990), and *State v. Houston*, 8th Dist. Cuyahoga No. 107538, 2019-Ohio-355.

{¶ 13} In *Banks*, the defendant was convicted of aggravated murder and sentenced to "a term of life with parole eligibility after serving twenty (20) full years of imprisonment." *Id.* at 11. The applicable sentencing statute, however, mandated that the trial court "impose a sentence of life imprisonment with parole eligibility after serving twenty years of imprisonment." R.C. 2929.03(C)(1). The First District Court of Appeals stated that pursuant to R.C. 2967.19(B) and 2967.13(C), the defendant, who is serving a sentence of life imprisonment with parole eligibility after 20 years imprisonment for aggravated murder is entitled to be eligible for parole prior to serving 20 years' imprisonment if he or she "faithfully observes and obeys the rules of the institution." *Id.* at 12-13. But under the sentence imposed by the trial court of "twenty *full* years," the defendant "is not entitled to any diminution in time and is not eligible for parole until he serves the 20 years in prison." *Id.* at 13-14. Thus, the additional word "full" was not only not in the applicable sentencing provision, but it effectively prevented the defendant from being eligible for parole until he served 20 years in prison, contrary to the statute applicable to the defendant's sentence. The First District therefore vacated the defendant's sentence and remanded for a resentencing. *Id.* at 14.

{¶ 14} In *Houston*, the defendant was convicted of aggravated murder and sentenced to prison "for life and three (3) years to run consecutive for gun specifications * * *." *Houston*, 8th Dist. Cuyahoga No. 107538, 2019-Ohio-355, at ¶ 7. The applicable sentencing statute in effect at the time of Houston's sentencing stated that

> [i]f the indictment or count in the indictment charging aggravated murder does not contain one or more specifications of aggravating circumstances listed in division (A) of section of 2929.04 of the Revised Code, then following a verdict of guilty to the charge of aggravated murder, the trial court shall impose a sentence of life imprisonment with parole eligibility after serving twenty years of imprisonment on the offender.

*Houston* at ¶ 6, citing R.C. 2929.03(A). This court noted in *Houston* that the indictment charging the defendant with aggravated murder "did not allege 'one or more specifications of aggravating circumstances listed in division (A) of section of 2929.04 of the Revised Code.'" Therefore, pursuant to R.C. 2929.03(A), the defendant's sentence should have included parole eligibility after serving 20 years of imprisonment. Because Houston's sentence did not include parole eligibility as mandated by statute, his sentence was not authorized by law and therefore void. *Houston* at ¶ 7.

{¶ 15} *Banks* and *Houston*, however, are distinguishable. The defendants in *Banks* and *Houston* were charged with a different crime (aggravated murder) than Johnson (murder) and sentenced under different statutes (R.C. 2929.03(C)(1) and 2929.03(A), respectively) than Johnson (R.C. 2929.02(B)).

{¶ 16} "When construing a statute, [a reviewing] court's paramount concern is the legislative intent in enacting the statute." *Yonkings v. Wilkinson*, 86 Ohio St.3d 225, 227, 714 N.E.2d 394 (1999), citing *State v. S.R.*, 63 Ohio St.3d 590, 594, 589 N.E.2d 1319 (1992). And "'words must be taken in their usual, normal or customary meaning.'" *Yonkings*, quoting *S.R.* at 595.

**{¶ 17}** As stated, Johnson was sentenced under R.C. 2929.02(B), which at the time of Johnson's sentencing, mandated a sentence of an "indefinite term of fifteen years to life." Unlike the statutes in *Banks* and *Houston*, the statute under which Johnson was sentenced does not include language concerning parole eligibility. Rather, as dictated by the clear language of the statute, the sentence imposed shall be an indefinite term of 15 years. This court recently recognized the "legislatively constructed differences between the sentence permitted for aggravated murder and the sentence permitted for murder," stating that "the legislature's construction of the [the aggravated murder sentencing statute and the murder sentencing statute], and its decision to use different statutory language in each sentencing statute, was intentional. One expressly sets forth parole eligibility by statute, the other does not." *State v. Smith*, 2019-Ohio-155, 131 N.E.3d 321, ¶ 25 (8th Dist.), citing *State v. Duncan*, 2d Dist. Clark No. 2016-CA-77, 2016-Ohio-7658, ¶ 14. Because the statute under which Johnson was sentenced does not expressly set forth parole eligibility, the trial court's failure to include that language was proper and had no bearing on his parole eligibility.

**{¶ 18}** Johnson further contends that the court's failure to include the term "indefinite" in his sentence, in and of itself, renders his sentence void. We find no merit to this claim. A prison term of "fifteen years to life" for murder is, by its nature, indefinite because it is a prison range defined by minimum and maximum terms. *Smith* at ¶ 24; *see Yonkings* at 227 ("Referring to a minimum or maximum term of imprisonment makes sense only when speaking of an indefinite sentence."). And

because "the indefinite nature of the 15-year-to-life prison term is apparent since the term is not a specific number of years," the omission of the term "indefinite" does not alter the sentence. *State v. Wolfe*, 2d Dist. Montgomery Nos. 26681, 26729, 26983, 2016-Ohio-4897, ¶ 14. Therefore, because the omission of the term "indefinite" is inconsequential to the nature of the indefinite sentence of "fifteen years to life," Johnson's sentence comports with the statutory language set forth in R.C. 2929.02(B) and is authorized by law. Thus, Johnson's sentence is not void.

{¶ 19} Because we find that Johnson's sentence is not void for the trial court's failure to include the term "indefinite" in Johnson's sentence, res judicata precludes Johnson from raising this issue on appeal.

{¶ 20} Johnson's assignment of error is overruled.

{¶ 21} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MICHELLE J. SHEEHAN, JUDGE

KATHLEEN ANN KEOUGH, P.J., and
MARY EILEEN KILBANE, J., CONCUR