[Cite as *State v. Sabbah*, 2020-Ohio-1050.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
ERIE COUNTY

State of Ohio                                    Court of Appeals No. E-19-051

     Appellee                              Trial Court No. 1993-CR-0240

v.

Paul Sabbah                                 **DECISION AND JUDGMENT**

     Appellant                              Decided:  March 20, 2020

* * * * *

Kevin J. Baxter, Erie County Prosecuting Attorney, for appellee.

Paul Sabbah, pro se.

* * * * *

**PIETRYKOWSKI, J**.

{¶ 1} In this accelerated appeal, defendant-appellant, Paul Sabbah, appeals the
September 10, 2019 judgment entry denying his "Void Sentence Contrary to Law
Pursuant to R.C. 2929.03 (B)(1)" motion which alleged that the trial court erroneously

applied the statute, as written, and therefore the sentence was void. For the reasons that follow, we affirm.

{¶ 2} On May 28, 1993, appellant was indicted on the charges of aggravated murder, murder, and felonious assault. On June 24, 1994, following a jury trial, appellant was found guilty of aggravated murder. In the trial court's July 5, 1994 judgment entry, appellant was sentenced to life in prison with the possibility of parole after 20 years.

{¶ 3} On direct appeal, appellant raised assignments of error relating to the admission (other acts evidence) or exclusion (alleged Confrontation Clause violation) of certain evidence at trial. *State v. Sabbah*, 6th Dist. Erie No. E-94-031, 1995 WL 490940 (Aug. 18, 1995). We affirmed appellant's conviction and sentence. On June 3, 2000, Sabbah filed an application for delayed reopening of his appeal which was denied.

{¶ 4} On February 8, 2017, Sabbah filed a motion for wrongful conviction under R.C. 2743.48, and the trial court denied the motion. On August 2, 2017, appellant filed a complaint for writ of mandamus which was dismissed by this court for failure to comply with procedural requirements.

{¶ 5} On February 2018, appellant filed a motion in the trial court for a final appealable order arguing that his judgment was void because the trial judge did not sign the journal entry. On March 13, 2018, the trial court denied his motion. On appeal, this court affirmed the trial court's judgment and rejected further claims as barred by res judicata. *See State v. Sabbah*, 6th Dist. Erie No. E-18-015, 2019-Ohio-658.

2.

**{¶ 6}** On April 5, 2019, appellant appealed our decision to the Ohio Supreme Court; jurisdiction was denied on June 12, 2019. *State v. Sabbah*, 156 Ohio St.3d 1407, 2019-Ohio-2261, 123 N.E.3d 1036. On May 20, 2019, while the request for jurisdiction was pending, appellant filed a motion in the trial court to void his sentence as being contrary to law. The motion was denied by judgment entry filed August 28, 2019, and a nunc pro tunc judgment entry filed September 10, 2019.[1] Appellant appealed and raises the following assignment of error:

> The trial court erred as a matter of law when sentencing appellant to unauthorized sentence that is contrary to law.

**{¶ 7}** Appellant's sole assignment of error challenges his sentence for aggravated murder. Specifically, appellant argues that his sentence is contrary to law because the court sentenced him to "twenty (20) years to life" imprisonment which does not mirror, verbatim, the statutory language which provides for a sentence of "life imprisonment with parole eligibility after serving twenty years of imprisonment." R.C. 2929.03(A)(1)(b).

**{¶ 8}** We first note that a sentence is contrary to law and void where a sentencing court fails to impose a penalty provided for by statute. *State v. Williams*, 148 Ohio St.3d 403, 2016-Ohio-7658, 71 N.E.3d 234, ¶ 20; thus, the principles of res judicata and the law-of-the-case doctrine do not apply and the judgment may be reviewed at any time. *Id.*

---

[1] The nunc pro tunc judgment entry was entered to correct appellant's inmate number and penal institution.

3.

at ¶ 22, quoting *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 432, ¶ 30.

{¶ 9} Appellant's argument rests on two appellate court cases. Both *State v. Kemp*, 8th Dist. Cuyahoga No. 97913, 2013-Ohio-167 and *State v. Duncan*, 2d Dist. Clark No. 2016-CA-77, 2017-Ohio-8103, relying on *Kemp*, held that sentencing a defendant convicted of murder to a term of life in prison with parole eligibility after 15 years was contrary to law where the statute in effect on the date of the crime provided for "an indefinite term of fifteen years to life." The courts concluded that the error effectively converted an indefinite sentence to a definite sentence. *Duncan* at ¶ 13-14.

{¶ 10} Following *Kemp* and *Duncan*, several other cases, largely from the Eighth Appellate District, addressed the effect of improper wording on the validity of a sentence. In *State v. Smith*, the court found a sentence void where the trial court failed to indicate the defendant's eligibility for parole after serving 20 years in prison. *State v. Smith*, 2019-Ohio-155, 131 N.E.3d 321 (8th Dist.). *Accord State v. Loyed*, 8th Dist. Cuyahoga No. 108385, 2019-Ohio-5346; *State v. Dowdy*, 8th Dist. Cuyahoga No. 107844, 2019-Ohio- 3570, *appeal accepted*, 157 Ohio St.3d 1534, 2020-Ohio-122, 137 N.E.3d 1200. *See State v. Kemp*, 2019-Ohio-5094, ___N.E.3d ___ (7th Dist.), *appeal accepted and held for the decision in Dowdy*.

{¶ 11} In the present case, the July 5, 1994 sentencing judgment entry stated that following the jury trial in the matter finding appellant guilty of aggravated murder he was subject to "a penalty of twenty years to life." Imposing sentence, the court then ordered

that appellant "be imprisoned and confined for life imprisonment with the possibility for parole after twenty (20) years."

{¶ 12} On the date of appellant's sentencing, R.C. 2929.03(A) provided the penalty for aggravated murder and stated:

> If the indictment or count in the indictment charging aggravated murder does not contain one or more specifications of aggravating circumstances listed in division (A) of section of 2929.04 of the Revised Code, then following a verdict of guilty to the charge of aggravated murder, the trial court shall impose a sentence of life imprisonment with parole eligibility after serving twenty years of imprisonment on the offender.

{¶ 13} Looking at appellant's sentence and the wording of the statute we note that the only arguable difference is the use of the word "possibility" for the word "eligibility." The state asserts that "possibility" and "eligibility" are synonyms and that the court did not have to use the exact wording of the statute in imposing the sentence. We agree. The words impart a similar meaning: that appellant, after serving 20 years in prison, may be a candidate for parole.

{¶ 14} Upon review of the relevant case law and the wording used in the judgment entry in this case, we find that appellant's sentence was not contrary to law and, thus, not void. Accordingly, appellant's appeal is barred by res judicata. Appellant's assignment of error is not well-taken.

5.

**{¶ 15}** On consideration whereof, we find that appellant was not prejudiced or prevented from having a fair proceeding and the judgment of the Erie County Court of Common Pleas is affirmed. Pursuant to App.R. 24, appellant is ordered to pay the costs of this appeal.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.     _____

                  JUDGE

Arlene Singer, J._____

             _____

Christine E. Mayle, J._____      JUDGE
CONCUR.

             _____

                  JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.