**[Cite as *State v. Mack*, 2020-Ohio-2951.]**

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 19AP-730 |
| v. | : | (C.P.C. No. 94CR-000201) |
| Levio D. Mack, | : | (ACCELERATED CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on May 14, 2020

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Michael P. Walton*, for appellee.

**On brief:** *Levio D. Mack*, pro se.

APPEAL from the Franklin County Court of Common Pleas

SADLER, P.J.

{¶ 1} Defendant-appellant, Levio D. Mack, appeals from a judgment of the Franklin County Court of Common Pleas denying his motion for sentencing. For the reasons that follow, we reverse.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} The pertinent facts and procedural history of this case were set forth by this court in our decision in *State v. Mack*, 10th Dist. No. 16AP-680, 2017-Ohio-7417, as follows:

> On May 31, 1994, appellant entered guilty pleas to a stipulated lesser included offense of Count 1 of the indictment, aggravated murder without the capital specifications but with the firearm specification, and Count 3 of the indictment, aggravated robbery without the specification. The trial court's judgment entry stated, in pertinent part:

> The Court finds that on May 31, 1994, the Defendant entered pleas of guilty to the stipulated lesser included offense of Count One of the indictment, to wit: Aggravated Murder without death specifications, but with firearm specification in violation of R.C. 2903.01, *a Felony of the First degree*; and to Count Three of the indictment, to wit: Aggravated Robbery without specification in violation of R.C. 2911.01, a Felony of the First degree, and was found guilty of said charges by the Court.

(Emphasis added.)  (June 1, 1994 Jgmt. Entry at 1.)

> The trial court imposed a sentence of 20 years to life with respect to the aggravated murder charge, 3 additional years as to the firearm specification, and 6 to 25 years on the aggravated robbery charge.  All prison terms were ordered to be served consecutively. Eventually, appellant filed a direct appeal and this court affirmed.  *State v. Mack*, 10th Dist. No. 94APA07-992, 1999 Ohio App. LEXIS 3651 (Aug. 10, 1999).

> In the years that followed appellant's conviction, he has filed a number of motions that the trial court has construed as petitions for postconviction relief.  As relevant to this appeal, on September 13, 2013, appellant filed a "MOTION FOR ISSUANCE OF A FINAL APPEALABLE ORDER." On October 1, 2013, the trial court overruled the motion as untimely, barred by res judicata, and otherwise lacking merit.  Appellant filed a timely notice of appeal and this court affirmed.  *State v. Mack*, 10th Dist. No. 13AP-887, 2014-Ohio-1648.

> On October 22, 2015, appellant filed a motion for sentencing, arguing that the trial court's sentencing entry of June 1, 1994 was void because the entry clearly and erroneously stated that aggravated murder was "a Felony of the First degree," and for failing to indicate the sequence in which the consecutive sentences were to be served.

> On September 12, 2016, the trial court denied appellant's motion.

*Id.* at ¶ 3-7.

{¶ 3}  Appellant appealed to this court from the trial court's September 12, 2016 judgment entry denying his motion for sentencing.  We affirmed the trial court's decision. *Id.* at ¶ 21.

{¶ 4} On July 10 and 11, 2019, appellant filed several related motions including a second motion for sentencing, a motion for order of conveyance, and a motion for establishment of a date certain for oral hearing. On October 8, 2019, the trial court issued a decision and entry denying appellant's motions. Appellant timely appealed to this court from the October 8, 2019 judgment.

## II. ASSIGNMENT OF ERROR

{¶ 5} Appellant assigns the following as trial court error:

> [W]here a criminal defendant enters into a specific performance contractual plea agreement which included an 'agreed sentence' of 20 years to life for the offense of aggravated murder pursuant to: O.R.C. Section 2903.01( ) and for which a prison term of 20 years to life was and is not authorized, defendant's plea was not made knowingly, intelligently and voluntarily and must be vacated or otherwise set aside pursuant to the mandatory language enumerated in: State v. Brunning, 2013 Ohio 930, to wit:

> We recognize that when the state breaches a plea agreement, the defendant has the option to withdraw his plea or seek specific performance. State ex rel. Seikbert v. Wilkinson, 69 Ohio St.3d 489, 491, 1994 Ohio 39, 633 N.E.2d 1128 (1994).

> [a]nd that:

> A plea agreement is an essential part of the criminal justice system. State v. Vari, 7th Dist. No. 07MA142, 2010-Ohio-1300, ¶ 19, citing Santobello v. New York, 404 U.S. 257, 261, 92 S. Ct. 495, 30 L. Ed. 2d 427 (1971). A defendant has a contractual right to enforcement of the prosecutor's obligations under the plea agreement after the plea has been accepted by the court. see: State v. Adams, 2014 Ohio 724 see also: State v. Smith, 2019 Ohio 155; and, State v. Houston. 2019 Ohio 355 (8th Dist.).

(Sic passim.)

## III. LEGAL ANALYSIS

{¶ 6} In appellant's assignment of error, he contends his sentence of 20 years to life for aggravated murder was not authorized by statutory law and is void. We agree.

{¶ 7} In *State v. Williams*, 148 Ohio St.3d 403, 2016-Ohio-7658, the Supreme Court of Ohio explained the rationale underlying the void sentence doctrine in Ohio:

> In *Colegrove v. Burns*, 175 Ohio St. 437, 438, 195 N.E.2d 811 (1964), this court described the trial judge's role at sentencing:

"Crimes are statutory, as are the penalties therefor, and the only sentence which a trial court may impose is that provided for by statute. A court has no power to substitute a different sentence for that provided for by statute or one that is either greater or lesser than that provided for by law." And applying this principle in *State v. Beasley*, 14 Ohio St.3d 74, 75, 14 Ohio B. 511, 471 N.E.2d 774 (1984), we stated that "[a]ny attempt by a court to disregard statutory requirements when imposing a sentence renders the attempted sentence a nullity or void."

* * *

Our jurisprudence on void sentences "reflects a fundamental understanding of constitutional democracy" that the power to define criminal offenses and prescribe punishment is vested in the legislative branch of government and that courts may impose sentences only as provided by statute. *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, ¶ 21-22. Because "[n]o court has the authority to impose a sentence that is contrary to law," *id.* at ¶ 23, when the trial court disregards statutory mandates, "[p]rinciples of res judicata, including the doctrine of the law of the case, do not preclude appellate review. The sentence may be reviewed at any time, on direct appeal or by collateral attack." *Id.* at ¶ 30.

*Id.* at ¶ 20, 22.

{¶ 8} In denying appellant's motion to void his sentence, the trial court concluded as follows:

Defendant argues that his sentence is void and as a result, he is entitled to be resentenced. Defendant's Motion appears to argue that Defendant's sentence is void on the grounds that it does not provide for parole eligibility. Defendant's Motion lacks merit. At the time Defendant was sentenced, an indefinite prison term of 20 years to life in prison was an authorized sentence for aggravated murder. Defendant's parole eligibility is provided under former R.C. 2967.13(C). Therefore, Defendant's argument that his sentence is void on the grounds that his sentence does not provide for parole eligibility lacks merit.

(Oct. 8, 2019 Decision at 3.)

{¶ 9} Contrary to the trial court's conclusion, on the date of appellant's conviction, R.C. 2929.03(A) mandated the following penalty for aggravated murder:

If the indictment or count in the indictment charging aggravated murder does not contain one or more specifications of aggravating circumstances listed in division

(A) of section 2929.04 of the Revised Code, then, following a verdict of guilty of the charge of aggravated murder, *the trial court shall impose a sentence of life imprisonment with parole eligibility after serving twenty years of imprisonment* on the offender.

(Emphasis added.)

{¶ 10} Appellant contends the imposition of an indefinite sentence of "twenty years to life" for aggravated murder was not authorized by statutory law and the trial court lacked authority to impose such a sentence. In support of his argument, appellant relies on a decision of the Eighth District Court of Appeals in *State v. Smith*, 8th Dist. No. 106893, 2019-Ohio-155.

{¶ 11} In 1988, Smith pleaded guilty to aggravated murder pursuant to a plea agreement with the state. The trial court imposed a sentence of "20 years to life in prison." *Id.* at ¶ 12. In 2018, after the parole board denied parole and after the trial court refused to permit Smith to withdraw his guilty plea, Smith filed a motion to void his sentence. The trial court denied the motion. On appeal, Smith argued that the trial court erred when it sentenced him to a prison term that was contrary to law. Specifically, Smith argued "his prison term is contrary to law because a sentence of 'twenty (20) years to life' is not an authorized sentence for aggravated murder." *Id.* at ¶ 18.

{¶ 12} The Eighth District determined at the time of Smith's conviction, the only sentence authorized by R.C. 2929.03(A) was a definite sentence of "life imprisonment with parole eligibility after serving twenty years of imprisonment." *Id.* at ¶ 16. Though the state conceded that Smith's sentence "[did] not precisely track the statutory language used in R.C. 2929.03(A)," the state argued that defendant's sentence had the "same 'practical effect' " because Smith was granted a parole hearing after he had served 20 years. *Id.* at ¶ 18. In other words, the state maintained that Smith's argument on appeal raised " 'a distinction without a difference.' " *Id.* The Eighth District was not persuaded by the state's practicality argument and held that "[b]ecause the trial court imposed a sentence that does not comport with the statutory language set forth in R.C. 2929.03(A), * * * the trial court exceeded its authority in sentencing." *Id.* at ¶ 25. Accordingly, the court declared Smith's sentence void, vacated his sentence, and remanded the matter to the trial court for resentencing. *Id.* at ¶ 25-26.

{¶ 13} In reaching its decision, the Eighth District acknowledged "legislatively constructed differences between the sentence permitted for aggravated murder and the sentence permitted for murder," *id.* at ¶ 24, and found "the legislature's construction of the [two sentencing provisions], and its decision to use different statutory language in each sentencing statute, was intentional. One expressly sets forth parole eligibility by statute, the other does not." *Id.* at ¶ 25, citing *State v. Duncan*, 2d Dist. No. 2016-CA-77, 2017-Ohio-8103, ¶ 14.[1] In concluding Smith's sentence was void rather than voidable, the *Smith* court relied on its previous decision in *State v. Kemp*, 8th Dist. No. 97913, 2013-Ohio-167, and the decision of the Second District Court of Appeals in *Duncan.*

{¶ 14} In *Kemp*, the appellant, Kemp, was convicted of murder in violation of R.C. 2903.02(A) and sentenced to "[l]ife in prison, with eligibility of parole after 15 years." *Id.* at ¶ 23. The relevant statute in effect at that time, R.C. 2929.02(B)(1), provided "whoever is convicted of or pleads guilty to murder in violation of section 2903.02 of the Revised Code shall be imprisoned for an indefinite term of fifteen years to life." *Id.* at ¶ 75. Kemp filed a direct appeal from his conviction and sentence arguing his sentence was contrary to law.

{¶ 15} The Eighth District agreed with Kemp, finding the sentence imposed by the trial court was contrary to R.C. 2929.02(B)(1) because he was sentenced to a definite term of imprisonment when he should have been sentenced to "an indefinite term of fifteen years to life." *Id.* at ¶ 75. The court reversed, vacated the trial court's judgment, and remanded the matter to the trial court for resentencing. *Id.* at ¶ 76.[2]

{¶ 16} In *Duncan*, the appellant, Duncan, filed a motion in 2016 to vacate his 2006 sentence for felony murder arguing the trial court "entered a sentence not provided for by statute thereby rendering the sentence void." *Id.* at ¶ 4. Duncan maintained the sentence imposed by the trial court, life with the possibility of parole after 15 years, was contrary to

---

[1] The decision in *Smith* has been followed by the Eighth District in several subsequent cases. *See State v. Loyed*, 8th Dist. No. 108385, 2019-Ohio-5346; *State v. Dowdy*, 8th Dist. No. 107844, 2019-Ohio-3570, *discretionary appeal accepted*, 2020-Ohio-122; *State v. Reed*, 8th Dist. No. 108498, 2019-Ohio-4471, *discretionary appeal accepted*, 2020-Ohio-122. As of the date of this decision, the Supreme Court has yet to rule on the merits in *Dowdy* or *Reed.*

[2] In a subsequent appeal following remand, the Eighth District held the trial court erred when it resentenced Kemp pursuant to a video teleconference because Crim.R. 43(A) requires a defendant to be physically present at " 'every stage of the criminal proceedings and trial, * * * including the imposition of sentence, except as otherwise provided by these rules.' " *State v. Kemp*, 8th Dist. No. 100426, 2014-Ohio-3414, ¶ 6, quoting Crim.R. 43(A).

law because the relevant sentencing statute, R.C. 2903.02(B), provided " 'whoever is convicted of or pleads guilty to murder in violation of section 2903.02 of the Revised Code shall be imprisoned for an indefinite term of fifteen years to life.' " *Duncan* at ¶ 7, quoting R.C. 2929.02(B)(1).

{¶ 17} The Second District, relying on *Kemp*, held Duncan's sentence was void, rather than merely voidable, reversed the trial court, and remanded the matter for resentencing. In so holding, the court stated:

> "When construing a statute, [a reviewing] court's paramount concern is the legislative intent in enacting the statute." *Yonkings v. Wilkinson*, 86 Ohio St. 3d 225, 227, 1999-Ohio-98, 714 N.E.2d 394 (1999), citing *State v. S.R.*, 63 Ohio St.3d 590, 594, 589 N.E.2d 1319 (1992). "Furthermore, 'words must be taken in their usual, normal or customary meaning.' " *Id.*, quoting *S.R.* at 595. "A 'definite' sentence is just what its name implies: a specific number of years of imprisonment rather than a range defined by minimum and maximum terms. Referring to a minimum or maximum term of imprisonment makes sense only when speaking of an indefinite sentence." *Id.*
>
> We reject the State's argument that the sentence imposed has no practical consequence because it has the same outcome for purposes of parole. Regardless of whether the two sentences permit parole at the same time, they are two different sentences. One is set forth by statute, the other is not. The trial court converted an indefinite sentence required by statute into a *de facto* definite sentence. Thus, we conclude that the trial court exceeded its authority in sentencing, rendering void the sentence imposed.

*Duncan* at ¶ 13-14.

{¶ 18} In both *Kemp* and *Duncan*, the appellants were sentenced to life in prison with the possibility of parole after 15 years, when the relevant statutory law at the time of conviction mandated "an indefinite term of fifteen years to life." *Kemp* at ¶ 75; *Duncan* at ¶ 7. In both *Kemp* and *Duncan*, the courts of appeal held the sentences were void because the trial court in each case imposed definite prison terms on appellants when the relevant statutory law mandated indefinite sentences.

{¶ 19} Here, as was the case in *Smith*, appellant was sentenced to an indefinite term of 20 years to life for aggravated murder when R.C. 2929.03(A) required a definite prison term of "life imprisonment with parole eligibility after serving twenty years of

imprisonment." Contrary to the trial court's conclusion, the applicable statutory law did not authorize an indefinite term of imprisonment for aggravated murder. Thus, the trial court erred when it denied appellant's motion for sentencing.

{¶ 20} We acknowledge that the sentencing error in this case may have no effect on the length of appellant's prison term or appellant's parole eligibility. We also acknowledge that a trial court's failure to precisely track the statutory language when imposing a prison term does not result in a void sentence in every instance. For example, a prison term of "fifteen years to life" for murder is not a void sentence even though the applicable statute requires an "indefinite" term of 15 years to life because an indefinite sentence is, "by its nature, * * * a prison range defined by minimum and maximum terms." *State v. Johnson*, 8th Dist. No. 108419, 2020-Ohio-191, ¶ 18. In such a case, "the omission of the term 'indefinite' is inconsequential." *Id. See also State v. Reddick*, 8th Dist. No. 108747, 2020-Ohio-925, ¶ 23 (sentence for aggravated murder of life in prison with no parole eligibility "[until] 20 *full* years are served" is not a void sentence because "the trial court did not impose an indefinite prison term of 20 years to life" (emphasis added and omitted)); *State v. Sabbah*, 6th Dist. No. E-19-051, 2020-Ohio-1050, ¶ 2, 7 (sentence for aggravated murder of "life in prison with the *possibility* of parole after 20 years" instead of "life imprisonment with parole *eligibility* after serving twenty years of imprisonment" is not a void sentence, as the terms "eligibility" and "possibility" are synonymous (emphasis added)). Nevertheless, the appellate authority in Ohio holds that a sentence is void when the applicable statutory law requires a definite term of imprisonment but the trial court imposes an indefinite prison term. Here, the trial court changed the essential character of appellant's sentence for aggravated murder by imposing an indefinite prison term of 20 years to life, rather than the statutorily mandated, definite term of "life imprisonment with parole eligibility after serving twenty years of imprisonment." R.C. 2929.03(A). Such a sentence is not authorized by law and is void.

{¶ 21} For the foregoing reasons, we hold the trial court erred when it denied appellant's motion for sentencing. Accordingly, we sustain appellant's assignment of error and reverse the judgment of the trial court. This case shall be remanded to the trial court for resentencing but only as to the aggravated murder charge. *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, ¶ 28 ("[W]hen an appellate court concludes that a sentence

imposed by a trial court is in part void, only the portion that is void may be vacated or otherwise amended.").  *See also* R.C. 2953.08(G)(2).  To the extent that appellant's assignment of error seeks withdrawal of his guilty plea, the case law provides no support for such relief.[3]

## IV.  CONCLUSION

{¶ 22} Having sustained appellant's sole assignment of error, we reverse the judgment of the Franklin County Court of Common Pleas and vacate appellant's sentence for aggravated murder.  The case is remanded to the trial court to resentence appellant on the charge of aggravated murder.

*Judgment reversed;*
*cause remanded with instructions.*

DORRIAN and LUPER SCHUSTER, JJ., concur.

_____

---

[3]Because we are remanding the case for resentencing, we need not specifically address appellant's contention that the trial court erred by refusing to issue an order of conveyance and schedule an oral hearing on his motion for sentencing.