[Cite as *State v. Albert*, 2020-Ohio-3154.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | : | No. 19AP-780 |
| v. | : | (C.P.C. No. 12CR-5462) |
| Shane Albert, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on June 2, 2020

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Seth L. Gilbert,* for appellee.

**On brief:** *Shane Albert*, pro se.

APPEAL from the Franklin County Court of Common Pleas

NELSON, J.

{¶ 1} Shane Albert appeals from the common pleas court's denial of his motion asking to vacate what he deems a void (re)sentence from 2015. Because the sentence that the court imposed wasn't void, we will affirm the denial of Mr. Albert's motion.

{¶ 2} In 2013, a jury found Mr. Albert guilty of murder (under Count Four of the indictment), aggravated arson (Count One), and kidnapping (Count Five), each with an attached gun specification. *See* Dec. 16, 2013 Corrected Judgment Entry. We affirmed those convictions on appeal but returned the matter to the trial court to reduce the prison time imposed for the now merged gun specifications. *See State v. Albert*, 10th Dist. No. 14AP-30, 2015-Ohio-249. The trial court observed that directive and in its May 11, 2015 Resentencing Judgment Entry sentenced Mr. Albert to prison terms totaling 26 years to life. The court sentenced him to ten years each on the aggravated arson and kidnapping counts, run concurrently with each other but consecutively to one year on the gun

specification and to "**Fifteen (15) years to Life as to Count Four**" (for the murder). Resentencing Judgment Entry at 2 (emphasis in original).

{¶ 3} Mr. Albert now argues to us, as he did in his September 2019 motion to the trial court, that the sentence he received for the murder was not authorized by law. His sole assignment of error posits that "[t]he trial court committed error when it failed to vacate the * * * sentence whereas it is void and contrary to law." Appellant's Brief at 3. He relies on one ground for that proposition, and neatly summarizes his (entire) argument as follows: "The appellant [Mr. Albert] received a sentence of 15-life for the murder conviction when he was supposed to be sentenced to 'an indefinite term of fifteen years to life.' " *Id.* at 1.

{¶ 4} What he means by that, his briefing makes clear, is that the resentencing entry did not use the word "indefinite" in sentencing him to "Fifteen (15) years to Life as to Count Four." The relevant sentencing statute, he notes, says that anyone convicted of murder under the applicable code section "shall be imprisoned for an indefinite term of fifteen years to life." *See* R.C. 2929.02(B)(1). Because the sentencing entry didn't incorporate the phrase "indefinite term of" when it sentenced him to (the indefinite term of) fifteen years to life on Count Four, he urges, his sentence was contrary to law.

{¶ 5} Mr. Albert is wrong. A prison sentence of fifteen years to life is inherently indefinite, and the law does not require that the sentencing entry add a redundant adjective to that effect.

{¶ 6} He relies on two cases from the Eighth District Court of Appeals, *State v. Kemp*, 8th Dist. No. 97913, 2013-Ohio-167, and *State v. Smith*, 8th Dist. No. 106893, 2019-Ohio-155, but neither works in his favor. *Kemp* involved a man convicted of murder who was subject to an indefinite term of "fifteen years to life," but who received what *Smith* later characterized as "the type of sentence that is appropriate for an *aggravated* murder * * *, i.e., a prison term of life with parole eligibility after a certain period of time." *Smith* at ¶ 24 (emphasis added), describing Kemp's sentence to " '[l]ife in prison with eligibility of parole after 15 years,' " *see Kemp* at ¶ 74. In contrast to what the Eighth District saw as the unduly *definite* sentence in *Kemp*, *Smith* involved what the court there viewed as the obverse problem: convicted of aggravated murder and deserving a sentence of life imprisonment with parole eligibility after 20 years, Smith was sentenced to "20 years to life in prison,"

which the appeals court described as "a prison term that more closely resembles the type of *indefinite* prison term permitted for murder convictions [like Mr. Albert's], i.e. a prison range defined by minimum and maximum terms." *Smith* at ¶ 3, 24 (emphasis added). Here, by contradistinction, Mr. Albert was due a sentence of fifteen years to life on his murder conviction (unlike Smith), and he received a sentence of fifteen years to life on that count (unlike Kemp).[1]

{¶ 7}   As the Supreme Court of Ohio explained in *Yonkings v. Wilkinson*, 86 Ohio St.3d 225, 227 (1999), "[a] 'definite' sentence is just what its name implies:  a specific number of years of imprisonment rather than a range defined by minimum and maximum terms.  Referring to a minimum or maximum term of imprisonment makes sense only when speaking of an indefinite sentence."  Mr. Albert's sentence was indefinite:  it established only a range (of fifteen years to life) with no currently calculable end date.  And although the *Kemp* line of cases does "not require trial courts to provide a word-for-word recitation of relevant sentencing statutes" in their sentencing entries, *see Smith* at ¶ 21, Mr. Albert's sentence does indeed track the "fifteen years to life" phrase from R.C. 2929.02(B)(1) (which the statute describes as an "indefinite term;" to describe it as a "definite" term would make no sense, *see Yonkings* at 227).

{¶ 8}   Because it is intrinsically indefinite and expresses the imprisonment range authorized by statute, and as we have had recent occasion to note, "a prison term of 'fifteen years to life' for murder is not a void sentence * * *." *State v. Mack*, 10th Dist. No. 19AP-730, 2020-Ohio-2951, ¶ 20 (citation omitted) (unlike the *Smith*-type circumstance there, where "the trial court changed the essential character of appellant's sentence for aggravated murder by imposing an indefinite prison term of 20 years to life, rather than the statutorily mandated, definite term of 'life imprisonment with parole eligibility after serving twenty years of imprisonment' ").  The Eighth District, not inconsistently with *Kemp* and *Smith*, has ruled the same way repeatedly.  *State v. Johnson*, 8th Dist. No. 108419, 2020-Ohio-191, ¶ 18, held that "[a] prison term of 'fifteen years to life' for murder is, by its nature, indefinite because it is a prison range defined by minimum and maximum terms.  [citations

---

[1] So, while the *Kemp* and *Smith* lines of cases may be affected by appeals now pending before the Supreme Court of Ohio, *see State v. Dowdy*, 8th Dist. No. 107844, 2019-Ohio-3570 and *State v. Reed*, 8th Dist. No. 108498, 2019-Ohio-4471, both with *discretionary appeal accepted*, 2020-Ohio-122, they do not present the same issue as that advanced by Mr. Albert, whose argument is not strengthened either by their continued vitality or by the prospect of their rules being revised.

omitted.] And because 'the indefinite nature of the 15-year-to-life prison term is apparent since the term is not a specific number of years,' the omission of the term 'indefinite' does not alter the sentence. *State v. Wolfe*, 2d Dist. No. 26681, 2016-Ohio-4897, ¶ 14." *See also State v. Hodges*, 8th Dist. No. 108734, 2020-Ohio-1288, ¶ 10-11 (following *Johnson*); *State v. Bandy*, 8th Dist. No. 108676, 2020-Ohio-808, ¶ 5-6 (same).

{¶ 9}    The fifteen years to life sentence imposed on Mr. Albert for the murder count was not void. The trial court therefore did not err in denying his motion to vacate the 2015 sentencing entry and its aggregate prison terms of 26 years to life. We overrule Mr. Albert's single assignment of error, and we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

KLATT and BRUNNER, JJ., concur.

————————