[Cite as *State v. Walker*, 2022-Ohio-825.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,             :

                                 No. 110733

          v.                              :

MICHAEL A. WALKER,                       :

    Defendant-Appellant.            :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:**  March 17, 2022

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-83-180834-D

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Katherine E. Mullin, Assistant Prosecuting Attorney, *for appellee.*

Michael A. Walker, *pro se.*

MICHELLE J. SHEEHAN, J.:

{¶ 1} Michael A. Walker appeals from the trial court's denial of his postconviction motion to correct the sentence he received in 1983 for aggravated murder and other related offenses.  Walker's claim concerns a voidable error and is

subject to correction only in the direct appeal, and therefore, we affirm the trial court's judgment.

{¶ 2} In 1983, a jury found Walker guilty of aggravated murder, two counts of aggravated robbery, aggravated burglary, and two counts of felonious assault. This court affirmed Walker's convictions in his direct appeal in *State v. Walker*, 8th Dist. Cuyahoga No. 47616 (May 31, 1984).[1] Since 1984, Walker filed numerous postconviction motions and appeals to have his convictions and sentence overturned. The latest round of postconviction litigation concerned the wording in the trial court's sentencing entry.

{¶ 3} For his offense of aggravated murder, the trial court sentenced Walker to "30 years without parole" and an additional three years on the gun specification. For the two counts of aggravated robbery, he was sentenced to seven to 25 years for each count; for aggravated burglary, seven to 25 years; for the two counts of felonious assault, five to 15 years for each count. The court ordered all the counts to be served consecutively and stated that the aggregate sentence would be "64 to 105

---

[1] This court, in *State v. Walker*, 8th Dist. Cuyahoga No. 47616, 2001 Ohio App. LEXIS 3956 (Aug. 3, 2001), summarized the underlying facts giving rise to his convictions as follows: Walker enlisted several acquaintances to help him steal a television set. They drove to the home of another acquaintance, Joseph Saunders. Once Walker and codefendant Raymond Howard were inside the house, Walker took out his gun, tied up Joseph Saunders and his brother Robert Saunders, and put them in the bathroom. Walker and Howard then rummaged through the home. The Saunders brothers escaped from the bathroom and tried to leave. Walker intercepted Joseph Saunders in the front of the building and, after a struggle, shot and killed him.

years or life." The sentencing entry stated "[a]ggregate sentence of sixty-four (64) to one hundred and five (105) and or life."

{¶ 4} In April 2019, more than 35 years after his sentencing, Walker filed, pro se, a "Motion to Vacate Void Sentence." He argued his sentence of "30 years without parole" was not authorized by law and therefore void. After the trial court denied the motion, Walker filed a "Motion to Proceed to Judgment" and a "Motion for Resentencing." The trial court denied both as well. Walker appealed the trial court's denial of his "Motion for Resentencing" in 8th Dist. Cuyahoga No. 109116.

{¶ 5} Subsequently, in November 2019, the Supreme Court of Ohio issued *State v. Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913, 159 N.E.3d 248, holding that a sentence is void only when a sentencing court lacks jurisdiction over the subject matter of the case or personal jurisdiction over the defendant. *Id.* at ¶ 42. A judgment is voidable, not void, when the trial court has jurisdiction to act. *Id.* at ¶ 26.

{¶ 6} On February 11, 2020, this court sua sponte stayed Walker's appeal in Appeal No. 109116 pending the Supreme Court of Ohio's decision regarding this court's opinion in *State v. Dowdy*, 8th Dist. Cuyahoga No. 107844, 2019-Ohio-3570 ("*Dowdy I*"). In that case, the defendant was sentenced to "20 years to life" for aggravated murder whereas the statute at the time provided the offense was punishable by a sentence of "life imprisonment with parole eligibility after serving twenty years of imprisonment." This court found the trial court failed to use the

statutorily mandated language. Concluding Dowdy's sentence was not authorized by the statute and therefore void, this court remanded the case for resentencing.

{¶ 7} On February 12, 2020, the Supreme Court of Ohio released *State v. Henderson*, 161 Ohio St.3d 285, 2020-Ohio-4784, 162 N.E.3d 776. While *Harper* concerned postrelease control, *Henderson* expanded the voidable- sentence analysis to sentencing errors in general.

> [S]entences based on an error are voidable, if the court imposing the sentence has jurisdiction over the case and the defendant, including sentences in which a trial court fails to impose a statutorily mandated term. A sentence is void only if the sentencing court lacks jurisdiction over the subject matter of the case or personal jurisdiction over the accused.

*Id.* at ¶ 27.

{¶ 8} Thereafter, on October 8, 2020, the Supreme Court of Ohio reversed this court's decision in *Dowdy I* on the authority of *Harper* and *Henderson*. *State v. Dowdy*, 162 Ohio St.3d 153, 2020-Ohio-4789, 164 N.E.3d 418 ("*Dowdy II*").

{¶ 9} The next day, this court lifted the stay in Walker's appeal (Appeal No. 109116). On November 10, 2020, Walker filed a motion for permission to withdraw that appeal on the ground that he no longer had a legal issue for determination by this court pursuant to *Henderson*. This court granted the motion and dismissed the appeal.

{¶ 10} Subsequently, on July 8, 2021, Walked filed the instant "Motion to Correct Ambiguous Sentencing Entry Pursuant to Crim.R. 36."[2] He maintained the trial court never imposed a life tail for his aggravated murder offense and argued the trial court should issue a nunc pro tunc entry to delete the words "and or life" from the sentencing entry to remove any potential ambiguity. The trial court denied the motion.

{¶ 11} On appeal, Walker argues in his sole assignment that "[t]he trial court erred when it abused its discretion by denying Walker's motion to correct ambiguous sentencing entry pursuant to Crim.R. 36." The state argues the trial court's denial of Walker's motion to correct his sentence should be affirmed on the authority of the Supreme Court of Ohio's decision in *Dowdy II*. We agree with the state.

{¶ 12} At the time of Walker's sentencing, R.C. 2929.03(C)(2) provided that a defendant found guilty of aggravated murder was to be sentenced to "death, life imprisonment with parole eligibility after serving twenty full years of imprisonment, or life imprisonment with parole eligibility after serving thirty full years of imprisonment."

{¶ 13} Pursuant to R.C. 2929.03(C)(2), the trial court was authorized to sentence Walker to "life imprisonment with parole eligibility after serving thirty full

---

[2] Crim.R. 36 ("Clerical Mistakes") states that "[c]lerical mistakes in judgments, orders, or other parts of the record, and errors in the record arising from oversight or omission, may be corrected by the court at any time."

years of imprisonment" for his offense of aggravated murder. Instead of tracking the statutory language, the trial court inartfully pronounced Walker's sentence to be "30 years without parole" for the count of aggravated murder — although it did add the life term when aggregating the consecutive terms for all six counts. Pursuant to the Supreme Court of Ohio's decision in *Dowdy II*, the trial court's failure to use the statutorily mandated language does not render a sentence void and Walker's claim of sentencing error was subject to correction only in the direct appeal. The sole assignment of error is without merit.

{¶ 14} Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
MICHELLE J. SHEEHAN, JUDGE

SEAN C. GALLAGHER, A.J., and
LISA B. FORBES, J., CONCUR